Ralph RITTER and Barbara Ritter,
Plaintiffs-Appellants,

v.

AETNA CASUALTY & SURETY COMPANY, Defendant-Respondent.

No. 13604.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 21, 1985.

Gene G. Gulinson, Hart & Himelrick, Phoenix, Ariz., for plaintiffs-appellants.

Dan L. Birdsong, Thomas, Birdsong, Clayton & Haslag, Rolla, for defendant-respondent.

MAUS, Judge.

This is an action to recover on a fire insurance contract. On the defendant's motion, the circuit court ordered the petition dismissed without prejudice for failure to prosecute. Appellants' motion to reinstate was overruled. Their appeal has been taken from the order dismissing the petition without prejudice.

Appellants' sole point on appeal is that the trial court erred in granting the motion

to dismiss because plaintiffs did not receive adequate notice in compliance with Rule 44.01(d). However, consideration of this point is obviated by the jurisdictional issue.

■ Before considering the merits of an appeal, this court must determine if it has jurisdiction, whether or not this question is raised by the parties. *Steinmetz v. Missouri Hwy. & Transp. Com'n,* 645 S.W.2d 36 (Mo.App.1982). In granting leave to file a late Notice of Appeal, this court specifically ordered that the question of whether or not the order dismissing the petition without prejudice was an appealable order would be taken with the case. Nonetheless, the parties did not choose to brief this question.

■ With exceptions not here applicable, this court has jurisdiction only of appeals from final judgments. § 512.020, RSMo 1978. A final judgment is one which disposes of all parties and all issues and leaves nothing for further determination. Rule 74.01; § 511.020, RSMo 1978; *Elliot v. Harris,* 423 S.W.2d 831 (Mo. banc 1968); *Estate of Livingston,* 627 S.W.2d 673 (Mo. App.1982). The jurisdictional question is whether the dismissal of appellants' petition without prejudice for failure to prosecute is a final judgment as measured by that standard.

■ A trial court on the motion of a defendant or on its own motion may dismiss an action for failure to prosecute. Rule 67.02. Such is an involuntary dismissal. Rule 67.03 states:

A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred.... [A]ny involuntary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for a decedent shall be with prejudice unless the court in its order for dismissal shall otherwise specify.

A dismissal with prejudice operates as an adjudication on the merits barring any further assertion of the cause of action by the plaintiff. Id. See also § 510.150, RSMo 1978.

■ While a dismissal with prejudice is an adjudication on the merits, generally, the converse is also true—a dismissal without prejudice is not an adjudication on the merits. *Long v. Long,* 141 Mo. 352, 44 S.W. 341 (banc 1897). See *Fenton v. Thompson,* 352 Mo. 199, 176 S.W.2d 456 (1943). The general rule has been stated: "Dismissals of actions without prejudice ordinarily indicate that such judgments of dismissal affect no right or remedy of the parties and that there has been no decision of the case on the merits." 27 C.J.S. Dismissal & Nonsuit § 73 (1974).

However, there are exceptions to the general rule that such dismissals are not appealable. A dismissal without prejudice has been held to be appealable, at least to review a limited issue, when it operates as an adjudication on the merits or will be res adjudicata upon the basis for dismissal. In those instances, an appeal is necessary to prevent a loss of rights. Such was the case when a trial court determined it did not have jurisdiction of an action because the maintenance of such action would constitute an impermissible burden on interstate commerce. *Healy v. Atchison, Topeka & Santa Fe Railroad Co.,* 287 S.W.2d 813 (Mo.1956). Also see *Douglas v. Thompson,* 286 S.W.2d 833 (Mo.1956), involving a dismissal without prejudice for failure to observe a local rule. The same result has been reached where the trial court has designated a dismissal final for purposes of appeal. *Hill v. General Motors Corp.,* 637 S.W.2d 382 (Mo.App.1982). Another example is a dismissal without prejudice for failure to state a claim upon which relief can be granted, when a party elects not to plead further. In such event the dismissal is tantamount to a determination a plaintiff has no cause of action. *Hasemeier v. Smith,* 361 S.W.2d 697 (Mo. banc 1962). If, upon such a dismissal, the pleader is granted a time for amendment and within that time does nothing, "final judgment of dismissal with prejudice shall be entered on motion...." Rule 67.06.

See *State ex rel. Graves v. House,* 649 S.W.2d 498 (Mo.App.1983).

■ The dismissal of appellants' petition for failure to prosecute was an involuntary dismissal. Rule 67.02. It is not one of the four specific exceptions to the general rule set forth in Rule 67.03. Had the order of dismissal not declared otherwise, the dismissal would have been with prejudice. Rule 67.03. Such a dismissal would be appealable. *Levee District # 4 of Dunklin County v. Small,* 281 S.W.2d 614 (Mo.App. 1955); *Hannibal v. St. Louis Public Service Co.,* 200 S.W.2d 568 (Mo.App.1947).

However, the order in question specified the dismissal was without prejudice. No basis has been established to cause an exception to the general rule to be applicable. Such a dismissal without prejudice is a non suit within the meaning of § 516.230. *Scanlon v. Kansas City,* 325 Mo. 125, 28 S.W.2d 84 (banc 1930). It is not necessary to decide if the purported time limitations upon suit contained in the policy alter the character of the dismissal. See § 431.030; *Karnes v. American Fire Ins. Co. of Philadelphia,* 144 Mo. 413, 46 S.W. 166 (banc 1898). Plaintiffs could refile their petition within one year of such dismissal. § 516.-230. The dismissal of appellants' petition for failure to prosecute is not appealable. The logic of *Nicholson v. Nicholson,* 685 S.W.2d 588 (Mo.App.1985), a factually similar case, reaches the same result. The appeal is dismissed.

HOGAN, P.J., PREWITT, C.J., and CROW, J., concur.