Marie J. O'BRIEN, Plaintiff–Appellant,

v.

BLACKWELL–BALDWIN, INC., Defendant–Respondent.

No. 17232.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 25, 1991.

Mary Anne Sedey, P.C., St. Louis, for plaintiff-appellant.

Elizabeth A. Blaich, Summers, Walsh, Pritchett and Blaich, P.C., Poplar Bluff, for defendant-respondent.

FLANIGAN, Chief Judge.

Plaintiff appeals from an order of the trial court, entered September 24, 1990, dismissing this action "without prejudice for failure to prosecute." Plaintiff contends that the trial court abused its discretion in entering the dismissal. For the reasons which follow, this court agrees.

On November 16, 1987, plaintiff Marie O'Brien brought this action against defendant Blackwell–Baldwin, Inc., in the Circuit Court of Butler County. The petition alleged that it was filed "pursuant to Chapter 213 of the Revised Statutes of Missouri and Title 7 of the Civil Rights Acts of 1964, as amended, 42 U.S.C., Section 2,000(e), et seq." and that jurisdiction of the court was invoked pursuant to § 213.111.[1] The three-count petition set forth claims of sexual harassment, sexual discrimination and wrongful discharge. The petition sought injunctive relief, monetary and exemplary damages and costs, including attorneys' fees.

Earlier plaintiff had filed a complaint before the Missouri Commission on Human Rights, and the Commission had issued to plaintiff a "Notice of Right to Sue" under § 213.111.

After defendant filed an answer, discovery, consisting of depositions and interrogatories, was conducted. The case was set for trial several times in 1989, but continuances were granted.

On May 11, 1990, plaintiff's counsel, attorney Thomas A. Ludwig, filed a motion to withdraw as counsel for plaintiff, "for the reason that plaintiff has failed to follow her attorney's directions in this case; that specifically, on or about May 2nd, 3rd or 4th of 1990, plaintiff contacted opposing counsel and attempted to discuss the case contrary to movant's specific instructions."

On June 18, 1990, the trial court sustained Ludwig's motion and entered an order reciting, "Plaintiff granted sixty days to employ counsel." The clerk was instructed to provide a copy of the order to "all attorneys of record."

---

1. Except where otherwise indicated, all references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

On August 17, 1990, Jeffrey J. Lowe of the St. Louis law firm of Lashly & Baer, wrote a letter to the trial judge, Honorable Rex A. Henson, with regard to the case. The letter stated:

In July, 1990 I was contacted by Marie J. O'Brien regarding representing her in this matter. Our law firm represents General Motors Corporation, and since the suit is against a General Motors dealership, I was unable to take the case. I referred the case to another attorney in St. Louis who as of this date has not yet determined whether she will represent Ms. O'Brien.

The Court entered an Order in July allowing former counsel to withdraw and giving Ms. O'Brien until August 17, 1990 to obtain new counsel, or the case would be dismissed. I contacted Jasper Edmundson, counsel for the Defendant, who stated he would consent to allowing Ms. O'Brien additional time to obtain counsel. I therefore request that Ms. O'Brien be given 30 additional days until September 17, 1990 to obtain new counsel.

If you need any additional information, please contact me.

The letter showed that a carbon copy of it had been sent to Mary Anne Sedey, Esq.

On August 20, 1990, Judge Henson received the letter and instructed the clerk to check with attorney Edmundson "to see if this is okay."

On August 21, 1990, the trial court made the following docket entry: "By agreement of attorneys plaintiff granted until September 17, 1990, to obtain new counsel. Clerk shall provide attorneys with copy of this order."

On September 21, 1990, a deputy circuit clerk gave Judge Henson a handwritten note concerning the case. The note reads: "Carolyn Kopsky from the firm of Lashly & Baer called and said that they had contacted another attorney there that was in-terested in representing plaintiff. She was in trial and then went on vacation and hasn't responded. They don't want it dismissed until she files her entry."

On September 24, 1990, the court entered the following order: "Cause dismissed without prejudice for failure to prosecute. Clerk shall notify defendant's attorney and plaintiff's last attorney of record."

On October 22, 1990, plaintiff filed a document entitled "Entry of Appearance and Motion to Set Aside Order Dismissing the Claim Without Prejudice." This document was filed by Mary Anne Sedey, P.C., attorneys for plaintiff, and was signed by Mary Anne Sedey. It requested the court to set aside the order of dismissal of September 24, 1990.

The motion sets forth the following grounds:

"1. Plaintiff commenced diligent efforts, immediately following the withdrawal of her prior counsel, to find replacement counsel, but was hampered in her efforts to do so by the fact that she currently resides in the State of Indiana.

2. Plaintiff retained counsel in Indiana who attempted to assist her in obtaining counsel in Missouri. Her Indiana counsel also made diligent efforts to locate counsel on her behalf.

3. There are a limited number of attorneys in Missouri who practice in the area of employment discrimination and Plaintiff had some difficulty in contacting them.

4. Plaintiff's new counsel, Mary Anne Sedey, was on vacation outside the State of Missouri from September 20th to October 1st and unable to undertake representation of Plaintiff until after her return.

5. Plaintiff's primary claim is under Section 296.010 *et seq.*, R.S.Mo. (as amended 1986)[2] which requires that a claim under the statute be filed within two years of the discriminatory conduct and within 90 days of receipt of a Notice of Right to Sue

---

**2.** L.1986, S.B. No. 513, § A, repealed Chapter 296, Discriminatory Employment Practices, and §§ 314.010 to 314.080, which pertained to discriminatory practices by places of public accommodation, and extensively amended and ex-panded Chapter 213, Human Rights, to include the subject matter of the repealed provisions.

As stated in the opinion, the petition invoked § 213.111.

from the Missouri Commission on Human Rights. Because the statute contains its own limitations periods and is not controlled by the general statutes of limitations at Sections 516.010 to 516.370, the Missouri savings statute at Section 516.230 R.S.Mo. (1939) does not apply. Thus, if the Order dismissing Plaintiff's case is not set aside, Plaintiff may have no right to refile her claim because of the running of the limitations periods under the statute.

6. There will be no prejudice to Defendants if the Order herein is set aside."

The document filed by plaintiff on October 22, 1990, was filed three days earlier "by FAX."

Also on October 22, 1990, the court entered the following order: "Motion to set aside order of 9–24–90 dismissing cause without prejudice is denied." The clerk was instructed to notify the attorneys of the order.

On October 25, 1990, the plaintiff filed a document entitled "Notice of Hearing." The notice was directed to the attorneys for the defendant and stated: "PLEASE TAKE NOTICE THAT the undersigned will call up for hearing its Motion to Set Aside Order Dismissing the Claim Without Prejudice in the above-styled matter on Monday, October 29, 1990 at 9:00 a.m. in Division 1 of the Circuit Court of Boone (sic) County, or as soon thereafter as same may be heard."

On November 1, 1990, the plaintiff filed a document entitled "Plaintiff's Motion to Reconsider." The motion requested the court to reconsider its ruling of October 22, 1990, and to afford plaintiff's counsel the opportunity to present oral argument on the motion to reconsider.

On November 2, 1990, plaintiff filed her notice of appeal.

■ In *Ritter v. Aetna Cas. & Sur. Co.,* 686 S.W.2d 563 (Mo.App.1985), this court held, under the circumstances there, that an order dismissing a petition without prejudice for failure to prosecute was not an appealable order because it was not a final

judgment within the meaning of § 512.020. This court pointed out, however, that there are exceptions to the general rule that such dismissals are not appealable. It cited *Douglas v. Thompson,* 286 S.W.2d 833 (Mo.1956), where the supreme court accepted an appeal from an order dismissing an action without prejudice for failure to observe a local rule. In *Douglas,* the court said, at 834, "there may be cases in which it is essential to appeal from such a judgment to prevent loss of rights."

In *Ritter* this court, in dismissing the appeal, pointed out that plaintiffs could refile their petition within one year of such dismissal by reason of § 516.230. Section 516.230 permits a plaintiff, whose action shall have been commenced within the times respectively prescribed in §§ 516.010 to 516.370 and who has suffered a nonsuit, to commence a new action "within one year after such nonsuit suffered."

"The provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute." Section 516.300.

In *Deviries v. Prudential–Bache Securities, Inc.,* 805 F.2d 326 (8th Cir.1986), the court held that § 516.230 did not apply to actions covered by § 409.411(e), which provides for a two-year period in which to bring actions for violations of the Missouri Blue Sky Law. The court said, at 328: "By its terms § 516.230 applies to extend only those actions covered by the statutes of limitation found in §§ 516.010–516.370."

Section 213.111.1 provides, in relevant part, "Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter [3] to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party."

As stated in *Ritter,* 686 S.W.2d at 564, "there are exceptions to the general rule that such dismissals are not appealable." This case, by reason of the rationale of

---

3. This action was filed within the 90–day period.

*Douglas* and *Deviries,* is such an exception.

The authorities which sustain the appealability of the order of September 24, 1990, do not hold that the order is necessarily invalid. Merely because a cause of action is governed by a limitation outside the protection of § 516.230 does not mean that it is immune from dismissal for failure to prosecute.

> The general rule is that a dismissal for want of prosecution is within the sound discretion of the trial court. Reversal by an appellate court requires a finding that the trial court abused its discretion. Because the ruling is discretionary it is presumed correct and appellant bears the burden of showing an abuse of discretion. Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable men can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

*State ex rel. Webster v. Lehndorff Geneva,* 744 S.W.2d 801, 804 (Mo. banc 1988) (citing authorities).

Rule 67.02 authorizes a defendant to move for dismissal of a civil action for failure of the plaintiff to prosecute. No such motion was filed by defendant. However, "it is well settled that courts have inherent authority, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence." *Shirrell v. Missouri Edison Co.,* 535 S.W.2d 446, 448[1] (Mo. banc 1976).

■ "Missouri law favors the disposition of cases upon their merits when possible." *Bonney v. Farmer,* 613 S.W.2d 463, 464 (Mo.App.1981). Whether a case is prosecuted diligently must be decided on a case by case basis. *Bonney* at 464; *Laurie v. Ezard,* 595 S.W.2d 336, 338 (Mo.App.1980).

■ This case, prior to the order of September 24, 1990, was not languishing on the vine. Interrogatories had been propounded and answered. Depositions had been taken. Several motions were filed. The case had received several trial settings which were continued on court order by agreement.

The most recent trial setting was March 21, 1990. A few days prior to that setting, a motion for continuance was filed. The docket sheet contains no entry concerning the fate of that motion or a striking of that setting.

Attorney Ludwig was granted leave to withdraw as counsel for plaintiff on June 18, 1990. No formal appearance of counsel was entered until October 19, 1990, after the order of dismissal had been entered.

Defendant did not file a motion to dismiss for failure to prosecute. Although the clerk was instructed to notify counsel of various orders, there is no showing that plaintiff herself was notified. Although the court ordered the clerk to provide "all attorneys of record" with copies of various orders, attorney Ludwig had previously been granted permission to withdraw, and no new attorney for plaintiff was shown on the record. No order was entered to the effect that failure to employ counsel would result in dismissal. No provision was made for the possibility that plaintiff might elect to act pro se.

The trial court was aware, by reason of attorney Lowe's letter of August 17, 1990, that plaintiff was attempting to obtain counsel. Plaintiff offered no evidence to support the grounds set forth in her motion of October 22, 1990, for the very understandable reason that that motion was denied on the date it was filed and no opportunity was afforded plaintiff to present such evidence.

Although the order of dismissal recites that the cause is dismissed without prejudice, the fact is that if plaintiff brought a new action she would be confronted by the limitation contained in § 213.111.1, and it would be unrealistic to predict that that affirmative defense would not be raised.

This court holds that the trial court abused its discretion in entering the order of dismissal.

The order of September 24, 1990, is reversed and the cause remanded.

MAUS and MONTGOMERY, JJ., concur.