Lonnie SNELLING, Appellant,

v.

Samuel BECK and Cathy Beck,
et al., Respondents.

No. ED 87775.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 21, 2006.

Sean Patrick Haley, Saint Louis, MO, for respondents.

Lonnie Snelling, Saint Louis, MO, for appellant acting pro se.

## OPINION

GLENN A. NORTON, Presiding Judge.

Lonnie Snelling appeals the judgment dismissing his suit with prejudice for failure to prosecute. We reverse and remand.

### I. BACKGROUND

The limited facts in this case are derived from the legal file submitted by Snelling, as no party filed a response to his appeal. Snelling filed a petition on November 2, 2004, against Samuel and Cathy Beck, two other identified parties and "John and Jane Does." The Becks answered on February 25, 2005, and demanded a jury trial. The case was continued several times while discovery was in progress. The

court then set trial for February 6, 2006. On January 13, 2006, the court removed the case from the February 6, 2006 trial docket and set a scheduling conference for that date. On February 6th, the parties filed documents indicating their agreement on discovery issues and proposing a trial date of September 25, 2006. The court dismissed the case with prejudice on February 6th for failure to prosecute, explaining that the "[c]ourt advised [Snelling] cause filed in 11/2004 [and] must be tried in Feb. 2006. [Snelling] states cannot be ready for trial."

Snelling appeals.

## II. DISCUSSION

 A dismissal for failure to prosecute is within the trial court's discretion and we review for an abuse of that discretion. *Duckett Creek Sewer District v. Westerfield Development Corp.*, 930 S.W.2d 497, 499 (Mo.App. E.D.1996).

 A trial court may dismiss for failure to prosecute when the party had a reasonable opportunity to bring the action to trial. *State ex rel. State Highway Commission of Missouri v. Milnes*, 573 S.W.2d 727, 728 (Mo.App.1978). An involuntary dismissal may be made with prejudice "if there is notice and an opportunity to be heard before the dismissal is made." *State ex rel. Willens v. Gray*, 757 S.W.2d 656, 658 (Mo.App. W.D.1988). Dismissal with prejudice implicates due process concerns, requiring notice and an opportunity to be heard. *Id.*

 Here, the record indicates Snelling's and the Becks' willingness to go forward with pretrial discovery at the scheduling conference on February 6th. Nothing in the record suggests that the parties received notice of an impending dismissal or were given an opportunity to be heard regarding a potential dismissal on February 6th. It is not clear whether the court "advised" Snelling that the case must be tried in February or whether that advice included a warning that failure to try the case in February would result in dismissal. Under these circumstances, the trial court abused its discretion by dismissing with prejudice.

## III. CONCLUSION

The judgment is reversed, and the case is remanded.

LAWRENCE E. MOONEY and KENNETH M. ROMINES, JJ., concurring.