Avery HUTCHESON, Appellant,

v.

ELECTRONIC DATA ACCESS TECHNOLOGIES, INC., et al., Respondents.

No. ED 94701.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 21, 2010.

David E. Sowers, St. Louis, MO, for Appellant.

John R. Schneider, Cape Girardeau, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Avery Hutcheson ("Hutcheson") appeals from the trial court's dismissal of his case for failure to prosecute. Hutcheson contends the trial court erred: (1) in dismissing his Missouri Human Rights Act claims without prejudice and without notice and opportunity to be heard, and (2) in denying his unopposed motion to vacate the dismissal for failure to prosecute without a hearing. We reverse and remand.

Hutcheson was employed by Electronic Data Access Technologies, Inc. ("EDAT"). Hutcheson was demoted from his position as EDAT's vice president in May of 2007, and no reason was given for the demotion. Hutcheson was then discharged from EDAT in August of 2007, and no reason was given for the discharge.

On September 24, 2007, Hutcheson filed a charge of discrimination with the Missouri Commission on Human Rights ("the Commission"), alleging EDAT, members of its board of directors, and its former president and chief executive officer[1] discriminated against him in demoting and discharging him from his employment based on his disability. On January 24, 2008, the Commission issued its notice of a right to sue in connection with Hutcheson's charge of discrimination.

On December 29, 2007, Hutcheson filed another charge of discrimination with the Commission, alleging EDAT, members of its board of directors, and its current and former president and chief executive offi-

---

1. The individual defendants included Glenn Ault, Marty Hutcheson, Ray Ribordy, Chuck Jones, Matt Johnson, Terry Hanson, and Robert Joe Sorrells.

cer retaliated against him for filing the first charge of discrimination by attempting to have him criminally prosecuted. On February 13, 2008, the Commission issued its notice of a right to sue in connection with Hutcheson's second charge of discrimination.

On March 20, 2008, Hutcheson filed suit against EDAT, members of its board of directors, and its current and former president and chief executive officer under the Missouri Human Rights Act, Section 213.055, alleging his physical impairment, inclusion body myositis, was a contributing factor in the decision to demote and discharge him. Hutcheson's petition also included claims for retaliation, defamation, injurious falsehood, breach of contract, violation of service letter act, intentional infliction of emotional distress, and failure to pay commissions.

EDAT, members of its board of directors, and its current and former president and chief executive officer filed an answer denying liability for all of Hutcheson's claims and asserting numerous affirmative defenses. The individual defendants also filed a motion to dismiss, arguing there were no allegations that they took any action individually or without the authority of EDAT. Thus, the individual defendants contend they cannot properly be made defendants in this action. EDAT also moved to dismiss the service letter act claim, arguing Hutcheson failed to plead sufficient facts to support an alleged violation of the service letter statute. EDAT also moved to dismiss one of the breach of contract claims because the purported contract violated the statute of frauds.

Hutcheson filed a motion for change of judge and change of venue. The parties stipulated, and the motion was granted. The case was transferred from the Circuit Court of Mississippi County to Cape Girardeau County Circuit Court on July 15, 2008.

Subsequently, on November 20, 2008, EDAT filed for bankruptcy, which resulted in the case being stayed until August 27, 2009 when Hutcheson was allowed to resume his suit against the individual defendants. From November 24, 2008 to March 08, 2010, case reviews were held, including during the bankruptcy stay. Then on March 08, 2010, the court held a case review and no one appeared. As a result, the court dismissed the case without prejudice for failure to prosecute.

Hutcheson then filed a motion to vacate the dismissal of his claim due to want of prosecution. Hutcheson contended he had been diligently prosecuting the case and had no notice of the March 08, 2010 case review. The record shows during the course of this case Hutcheson had responded to and survived a motion to dismiss filed by the defendants, moved for a more definite statement as to defendants' answers and affirmative defenses, and served interrogatories and requests for production on the individual defendants. Also, the case had just been filed on March 20, 2008 and was stayed due to the bankruptcy from November 20, 2008 to August 27, 2009. Further, the record contains emails showing Hutcheson was working on discovery on and around February 22, 2010, just two weeks before the case was dismissed for failure to prosecute. However, the trial court denied Hutcheson's unopposed motion to vacate the dismissal of his claim. This appeal follows.[2]

2. The March 8, 2010 order dismissing the case was not denominated a judgment as required by Rule 74.01(a). The trial court sub-

sequently entered a proper judgment dismissing the case without prejudice for want of prosecution on June 7, 2010. Hutcheson's

■ In his first point, Hutcheson argues the trial court erred in dismissing his Missouri Human Rights Act claims without prejudice and without notice and opportunity to be heard because such dismissals are a deprivation of due process in that such claims are barred from re-filing by operation of law.[3] We agree.

■ A dismissal for failure to prosecute is within the trial court's discretion and we review for an abuse of that discretion. *Snelling v. Beck*, 207 S.W.3d 202, 203 (Mo.App. E.D.2006). A trial court may dismiss for failure to prosecute when the party had a reasonable opportunity to bring the action to trial. *Id.* An involuntary dismissal may be made with prejudice if there is notice and an opportunity to be heard before the dismissal is made. *Id.* However, dismissal with prejudice implicates due process concerns, requiring notice and an opportunity to be heard. *Id.*; *see also State ex rel. Willens v. Gray*, 757 S.W.2d 656, 658 (Mo.App. W.D.1988).

■ The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable. *Osuji v. Missouri Dept. of Social Services, Div. of Family Services*, 34 S.W.3d 251, 253 (Mo.App. E.D.2000). Ordinarily, when an action is dismissed without prejudice, a plaintiff may cure the dismissal by filing another suit in the same court. *Id.* An exception to this general rule is that an appeal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast by the plaintiff. *Id.*

Section 213.111.1 provides, in pertinent part: "Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." Because the MHRA contains its own statute of limitations, the Missouri Savings Statute, Section 516.230, does not apply, thus Hutcheson could only re-file his action if he re-filed in the time allotted by Section 213.111.1. *O'Brien v. Blackwell–Baldwin, Inc.*, 819 S.W.2d 417, 420 (Mo.App. S.D. 1991).

Therefore, in cases like this under the MHRA, the exception to the general rule that dismissals without prejudice are not appealable and can be re-filed is not applicable because the applicable statute of limitations in Section 213.111.1 prevented Hutcheson from re-filing. In this case, the Commission issued Hutcheson notices of his right to sue on January 24, 2008 and on February 13, 2008. Thus, he had ninety days from those dates to file his lawsuit, and he filed his suit within that time period. Then the trial court dismissed his suit without prejudice on March 08, 2010. In this case, Hutcheson cannot re-file his suit because it is barred by the statute of limitations in Section 213.111.1. Thus, the trial court's dismissal without prejudice actually acts as a dismissal with prejudice. As a result, the trial court was required to give Hutcheson notice that it was going to dismiss his case and allow him an opportunity to be heard. *Snelling*, 207 S.W.3d at 203. However, the record does not contain evidence that Hutcheson was given any notice of the March 08, 2010 case review hearing at which his absence caused his case to be dismissed for failure to prosecute.[4] Hutcheson was not given notice and

---

notice of appeal was then treated as though it had been prematurely filed under Rule 81.05(b).

3. We note that none of the defendants in this case have filed a respondents' brief.

4. We note that the respondents, with the consent of Hutcheson, requested the February 8,

an opportunity to be heard before his case was dismissed. As we noted above, the record indicates Hutcheson had been diligently prosecuting his case.

Therefore, we find the trial court abused its discretion in dismissing his Missouri Human Rights Act claims. Point granted.

In his second point, Hutcheson argues the trial court erred in denying his unopposed motion to vacate the dismissal for failure to prosecute without a hearing because refusal to vacate the dismissal without prejudice was a deprivation of due process in that such claims are barred from re-filing by operation of law.

Because of our holding on Hutcheson's first point, this point has been rendered moot. Thus, we need not address it.

The judgment of the trial court dismissing Hutcheson's case for failure to prosecute is reversed, and the case is remanded to the trial court.

KURT S. ODENWALD, P.J. and NANNETTE A. BAKER, J., concur.

---

2010 case review hearing be continued for thirty days, but the court did not indicate it

was granting the request and did not give the parties notice of the new date.