Philip L. YOUNG, Jr., Appellant,

v.

**TRI–STATE WATER TREATMENT, INC., Respondent.**

**No. ED 95713.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 21, 2011.

---

Peter M. Westhoff, Clayton, MO, for appellant.

Richard J. Behr, Brandon A. Dewitt, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Mr. Young challenges the propriety of the trial court's entry of summary judgment in favor of Tri–State Water Treatment, Inc. He asserts that Tri–State is estopped from asserting a statute-of-limitations defense because of assurances allegedly made by Tri–State's counsel and relied upon by his attorney. Because a genuine dispute exists as to the facts underlying Mr. Young's equitable-estoppel argument, we reverse the trial court's judgment and remand for further proceedings.[1]

### Factual and Procedural Background

Mr. Young filed a petition against Tri–State in October of 2008 asserting claims

---

1. We deny Tri–State's motion to dismiss Mr.   Young's appeal or in the alternative to strike

for disability discrimination and retaliation under the Missouri Human Rights Act. He voluntarily dismissed his action on January 5, 2010, and then re-filed the identical suit against Tri–State nine days later, on January 14, 2010.[2]

Tri–State answered, asserted the statute of limitations as an affirmative defense, and then moved for summary judgment on that ground.[3] Mr. Young filed an affirmative avoidance of Tri–State's affirmative defense of the statute of limitations, arguing that Tri–State was estopped from asserting the defense because of assurances allegedly made by Tri–State's counsel and relied upon by Mr. Young's attorney. In support of his filings, Mr. Young filed the affidavit of his attorney, who averred that he voluntarily dismissed and then re-filed the cause of action based on defense counsel's affirmative representations that he would not assert a statute-of-limitations defense to Mr. Young's re-filed petition. Tri–State replied by filing the affidavit of its attorney, who averred that he never stated, represented, or hinted that he would not assert a statute-of-limitations defense if available.

The trial court entered summary judgment in favor of Tri–State. The court provided no detailed reasoning for its decision other than stating that no genuine issues as to any material fact existed and that Tri–State was entitled to judgment as

a matter of law. Mr. Young appeals alleging, in part, that the trial court improperly granted summary judgment because a genuine dispute exists regarding the facts supporting his equitable-estoppel argument.

### Standard of Review

Appellate review of summary judgment is *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). This Court's criteria for ascertaining the propriety of summary judgment are the same as those used initially by the trial court. *Id.* As the trial court's judgment is based on the record submitted and the law, we need not defer to the trial court's order granting summary judgment. *Id.* Summary judgment is appropriate only where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *Id.*; Rule 74.04(c). A genuine issue of fact that will prevent summary judgment exists where the record shows two plausible, but contradictory, accounts of the essential facts and the issue is real, not merely argumentative, imaginary, or frivolous. *ITT Commercial Finance*, 854 S.W.2d at 382.

### Discussion

■ "The purpose of the doctrine of equitable estoppel is to prevent a party

his brief; we grant Mr. Young's motion to amend his brief.

2. Because the Missouri Human Rights Act contains its own statute of limitations, the Missouri Savings Statute, Section 516.230, does not apply. *Hutcheson v. Electronic Data Access Technologies*, 327 S.W.3d 622, 625 (Mo.App. E.D.2010).

3. The company alleged that Mr. Young's claims were untimely because he had not filed his petition within ninety days of the date on which the Missouri Commission on Human Rights issued its right-to-sue letter and be-

cause he had not filed his action within two years of the date on which the alleged discrimination occurred. The Missouri Commission on Human Rights issued its right-to-sue letter on August 5, 2008. In that letter, the Commission informed Mr. Young that should he decide to sue Tri–State, he must do so within ninety days of the date of the letter and no later than two years after the alleged discrimination occurred. Mr. Young alleged in his petition that his employer discriminated against him from May 2007 through July 25, 2007, the date on which he was terminated.

from taking inequitable advantage of a situation he or she has caused." *Weiss v. Rojanasathit,* 975 S.W.2d 113, 120 (Mo. banc 1998). Estoppel, or the existence thereof, "is ordinarily, usually, or primarily a question of fact." *Savannah Place, Ltd. v. Heidelberg,* 122 S.W.3d 74, 81 (Mo.App. S.D.2003). The question of whether Tri–State is equitably estopped from asserting the statute of limitations as a defense turns on what transpired between counsel. And that is very much in dispute. The submitted affidavits give vastly different accounts. Mr. Young's attorney asserts that defense counsel stated he would not raise a statute-of-limitations defense should Mr. Young voluntarily dismiss and then re-file his case. Defense counsel asserts he made no such representation.[4]

 The trial court, in granting summary judgment, found that no factual disputes existed. To come to that conclusion, the trial court had to disregard or disbelieve the affidavit of Mr. Young's counsel. But, in granting a motion for summary judgment, the court may not do either. It is well-established that summary judgment is not proper where the court must overlook material that raises a genuine dispute as to the facts underlying the movant's right to judgment. *ITT Commercial Finance,* 854 S.W.2d at 378. And it is well-established that the court is not allowed to make credibility determinations when considering summary-judgment motions. *United Missouri Bank, N.A. v. City of Grandview,* 105 S.W.3d 890, 898 (Mo.App. W.D.2003). "Neither the trial court nor the reviewing court are authorized to determine the credibility of statements or testimony made under oath when examining a motion for summary judgment."

First *Financial Insurance Co. v. Golliday,* 91 S.W.3d 679, 683 (Mo.App. E.D.2002). Rather, such matters are for the trier of fact. *Id.*; *United Missouri Bank,* 105 S.W.3d at 898. When a court is faced with a credibility determination on an issue material to the cause of action, summary judgment is not appropriate. *Lomax v. DaimlerChrysler Corp.,* 243 S.W.3d 474, 483 (Mo.App. E.D.2007). A genuine dispute exists as to the facts underlying Mr. Young's equitable estoppel argument. Thus, summary judgment is not proper.

We reverse the trial court's summary judgment and remand the cause to the trial court. Mr. Young's affirmative avoidance of equitable estoppel should be tried to the court as an equitable issue. *State ex rel. Leonardi v. Sherry,* 137 S.W.3d 462, 474 (Mo. banc 2004).

SHERRI B. SULLIVAN, P.J., and CLIFFORD H. AHRENS, J., concur.

---

4. If the defendant agreed to waive its statute-of-limitations defense, the better practice would have been to memorialize said agreement in the written memorandum of dismissal.