**STATE of Missouri ex rel. Nathan B. GREUFE, Relator,**

v.

**The Honorable Elizabeth DAVIS, Respondent.**

No. WD 76274.

Missouri Court of Appeals, Western District.

Sept. 10, 2013.

James C. Johns, Clinton, MO, for relator.

Kate Elizabeth Noland, Liberty, MO, for respondent.

Before Writ Division: GARY D. WITT, Presiding Judge, JAMES E. WELSH, Judge and KAREN KING MITCHELL, Judge.

## ORIGINAL PROCEEDING IN PROHIBITION

GARY D. WITT, Judge.

On April 2, 2013, Nathan B. Greufe ("Greufe") filed a Petition for Writ of Prohibition asking this court to prohibit Judge Elizabeth Davis ("Respondent") of the Clay County Circuit Court from proceeding further in *State of Missouri v. Nathan B. Greufe,* Case No. 12CY–CR00891, alleging that the statute of limitations had ex-pired prior to the filing of the charges against him.

### Factual and Procedural History

On June 9, 2008, 165 identifiable images of child pornography in 33 separate series were found on Greufe's computer. At least one of the images recovered contained a victim who was known to law enforcement from other child pornography arrests around the country; the birth date of that victim is January 23, 1990. On August 9, 2011, three years and two months after the images were recovered, the State charged Greufe with one count of possession of child pornography, a class D felony, in violation of section 573.037 (RSMo Supp.2007).[1]

Greufe filed a motion to dismiss before the trial court alleging that this offense was subject to the general three-year statute of limitations found in section 556.036.2(1). That motion was denied and Greufe filed in this court a Petition for Writ of Prohibition with accompanying Suggestions asserting that the offense was time-barred by the general statute of limitations and asking this court to enter an order prohibiting Respondent from proceeding further. On April 4, 2013, after having considered Greufe's petition and Respondent's Suggestions in Opposition to Greufe's petition, this court granted a Preliminary Writ of Prohibition prohibiting the Respondent from proceeding further in the cause. For reasons set forth below, the preliminary writ is made permanent.

### Analysis

Greufe argues that the applicable statute of limitations for possession of

---

1. All statutory references are to RSMo Supp. 2007. The statute in effect at that time of the offense is applicable to the charge. Notably, the crime of possessing child pornography was a class D felony at the time of the offense.

The statute was amended effective August 28, 2008 to make it a class C felony. *See State v. Liberty,* 370 S.W.3d 537, 552 (Mo. banc 2012). This change is immaterial to the analysis herein.

child pornography is the general three-year limitation found in section 556.036.2(1). Respondent argues that the longer, more specific statute of limitations, found in section 556.037, governs. Because Greufe was charged three years and two months after the possession was discovered and because section 556.036.2(1) applies, we agree with Greufe that the State cannot proceed against him.

■ "The extraordinary remedy of a writ of prohibition is available: (1) to prevent the usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted." *State ex rel. Mo. Pub. Defender Comm'n v. Waters*, 370 S.W.3d 592, 603 (Mo. banc 2012) (citation omitted). A writ is the appropriate remedy to prevent a lower court from proceeding on an action barred by the statute of limitations. *State ex rel. Holzum*, 342 S.W.3d 313, 315 (Mo. banc 2011) (citation omitted).

■ Where, as here, issuance of the writ depends on the interpretation of a statute, we review the statute's meaning *de novo*. *State ex rel. White Family P'ship v. Roldan*, 271 S.W.3d 569, 572 (Mo. banc 2008) (quoting *Delta Air Lines, Inc. v. Dir. of Revenue*, 908 S.W.2d 353, 355 (Mo. banc 1995)). In so doing, the primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute. *Id.*

■ The general statute of limitations, section 556.036.2(1), upon which Greufe relies limits commencement of prosecution for any felony to three years. Section 556.037, the longer statute of limitations posited by Respondent, states that "prosecutions for unlawful sexual offenses involving a person eighteen years of age or under must be commenced within thirty years after the victim reaches the age of eighteen" absent circumstances not present in this case. Whether section 556.037 applies here thus depends on whether possession of child pornography constitutes an unlawful "sexual offense" involving a person eighteen years of age or under.

■ As a case of first impression, we find our resolution in the language of the statute criminalizing possession of child pornography. Section 573.037.1 states that "[a] person commits the crime of possession of child pornography if such person knowingly or recklessly possesses any child pornography of a minor under the age of eighteen or obscene material portraying what appears to be a minor under the age of eighteen." Under the plain language of the statute, charges can be brought when the image "appears to be a minor child" because in many cases there is no way to know the true identity or date of birth of the child in the photograph or movie and also because a significant amount of child pornography is computer-generated and may not depict an actual minor child but rather a computer-generated image of what appears to be a minor child. In fact, in the case at bar, there were 165 identifiable images of child pornography in 33 separate series, but only one child and her date of birth were identified. Under the Respondent's argument, a person who possesses child pornography that contains a computer-generated image or a child that cannot be identified would be subject to the three-year statute of limitations in section 556.036, but a person who possesses child pornography of an identifiable child would be subject to the extended statute of limitations in section 556.037—yet the conduct of possessing the images in either scenario is exactly the same. Further, it is the age of the child at

the time the photograph or video was created, not the age of the child at the time that the crime of possession is committed (i.e. when the accused is found to have possessed those pornographic images), that is of import to this offense. Were we to adopt the Respondent's argument, once the child appearing in a pornographic image reached 48 years of age, no one possessing that image could be prosecuted for the possession of that child pornography because the statute of limitations would have expired. This would be true even though the image would still show the pornographic image of a minor child. Certainly, this cannot be the legislature's intent. In construing statutes, "we are to presume a logical result, as opposed to an absurd or unreasonable one." *State v. Slavens*, 375 S.W.3d 915, 919 (Mo.App. S.D.2012) (citations omitted).

In *State v. Rains*, the Eastern District similarly confronted the question of what constitutes a "sexual offense" under the statute of limitations. 49 S.W.3d 828, 832 (Mo.App. E.D.2001). In that case, the court addressed whether the offense of endangering the welfare of a child, by knowingly allowing sexual molestation of a child to continue, brought the charged activity into the realm of the longer statute of limitations in section 556.037. *Id.* at 829. The court addressed the contrast between physically *committing* a sexual offense against a minor with *knowing* that a sexual offense was being committed against a minor. The *Rains* court noted that the section that defendant was charged under "was not in and of itself a sexual offense; rather, it referred to 'knowledge' of conduct creating a substantial risk of harm to a child." *Id.* at 832 (citations omitted). The court held that

while "knowledge of sexual abuse is sufficient to commit the offense of endangering the welfare of a child in the first degree ... such knowledge is not equivalent to actual sexual abuse." *Id.* Defendant was specifically charged with "knowingly ... allowing [the victim to be] sexual[ly] molest[ed]," not acting with the relative as a co-conspirator or accessory. *Id.* The court concluded that "[b]ecause there was no direct sexual contact with the victim by Defendant to qualify as an 'unlawful sexual offense,' Defendant's charges do not fall under" the longer statute of limitations found in section 556.037. *Id.* As in this case, the defendant's charges in that case thus were found to be subject to the general three-year statute of limitations. *Id.*

Because pornography, through images, conveys the fact that a child was at some point in history sexually exploited, we find it analogous to the situation in *Rains*. In *Rains*, the defendant knew that a minor was being sexually exploited yet his knowledge of the conduct did not make him a co-perpetrator of that crime. Instead, he was charged with the crime of knowing about the abuse and not stopping or reporting it, not personally committing the abuse.[2] Likewise, here, Greufe knew that minor children were sexually exploited in the pornography he was viewing, yet he was charged with the crime of possessing the image, not causing the sexual exploitation to occur. As noted above, the violation that Greufe was charged with is possession, not producing, exploiting, or otherwise being in physical contact with the minors in the images. Just as in *Rains*, here there was no sexual contact with the victim. Because there was no sexual contact between the victim and the defendant

---

**2.** Notably, in *Rains*, even though the defendant was actually in a position to report the sexual abuse and thus could have prevented

further abuse, the court only found the charge of having knowledge of the abuse to be valid.

in *Rains*, the general statute of limitations applied.[3] *Id.*

*State v. Hyman* similarly makes clear that violations for which the legislature has created separate identities are to remain separate. 37 S.W.3d 384, 392–93 (Mo.App. W.D.2001). In *Hyman*, we held that armed criminal action is not an unlawful "sexual offense" to which the ten-year limitation in section 556.037 applies. Despite its relationship in that case with the underlying felonies of forcible rape, sodomy, and sexual abuse, armed criminal action retained its separate identity. Related cases demonstrated that armed criminal action did not become a part of the underlying felonies for purposes of applying the statute of limitations. *Id.* at 392. Thus, we concluded that the sexual offense statute of limitations did not apply to Hyman's armed criminal action charges, even though the underlying felonies with which they were associated were sexual offenses. *Id.* at 393. As a separate offense, possession of child pornography carries its own penalty and classification enhancement based on the number of images possessed. § 573.037.

Respondent argues that because a conviction for possession of child pornography requires placing the defendant's name on the Sexual Offender Registry,[4] this signifies that the offense is in fact an unlawful "sexual offense." Respondent cites no authority in support of this argument. Moreover, the Sexual Offender Registry Act requires the registration of some of-fenses that have no sexual component whatsoever, such as the kidnapping of a child. § 589.400.1(2). We thus do not agree that the reach of the Sexual Offender Registry Act necessarily dictates whether a charge of possession of child pornography under chapter 573 constitutes a sexual offense for purposes of the crime's statute of limitations.

Respondent also relies on *State v. Naasz*, which held that incest, while not contained in the "sexual offenses" chapter, was still considered a "sexual offense" for purposes of section 556.037. 142 S.W.3d 869, 879 (Mo.App. S.D.2004). In *Naasz*, the defendant was convicted of incest, a crime identified in chapter 568 as an "Offense[] Against the Family." *Id.* On appeal, the defendant argued that his incest conviction was barred by the general three-year statute of limitations and that section 556.037 did not apply because incest was not identified in chapter 566, the chapter covering "Sexual Offenses." *Id.* The Southern District rejected the defendant's argument and held that section 556.037 is not limited to the "Sexual Offenses" contained in chapter 566. *Id.* Instead, a court must look to the nature of the conduct prohibited by the statute at issue, and if it is "by its own terms" a "sexual offense," then the longer period of limitation found in section 556.037 applies. *Id.* The court reasoned that, because proof of incest required the basic element of sexual intercourse, it was a "sexual offense" as contemplated by section 556.037.[5] *Id.*

---

3. The language in *Rains* may be overly broad by requiring direct sexual contact with the victim. Certainly, the photographer who takes a pornographic photograph or video of a minor child would be subject to the longer statute, even though he or she may have never actually touched the child. But in this case there is no allegation that Greufe ever met, let alone had sexual contact with, the children in the images.

4. The Sexual Offender Registration Act, sometimes known as "Megan's Law," is codified in sections 589.400 through 589.426.

5. Incest is defined generally as engaging in sexual intercourse with a person who is an ancestor or descendant of the perpetrator, or a stepchild, whole or half-blood brother or sister, or an uncle, aunt, niece or nephew

Contrary to Respondent's assertion, *Naasz* actually refutes Respondent's position in light of the fact that possession of child pornography is not, "by its own terms," a "sexual offense." While we agree with Respondent that offenses outside of the "Sexual Offenses" chapter can be subject to the longer limitation period of section 556.037, the underlying conduct prohibited by the statute at issue must, "by its own terms," be a "sexual offense." The act of possession, itself, does not involve any sexual conduct on the part of the possessor. And, as discussed *supra*, although the images Greufe possessed likely portrayed sexual conduct, *Greufe* was not charged with engaging in any of that conduct. Thus, mere possession of child pornography is not a "sexual offense" for purposes of section 556.037.

Based on the analysis in *Rains, Hyman,* and *Naasz,* we hold that the "sexual offense" statute of limitations found in section 556.037 does not apply to the charge of possessing child pornography in section 573.037. *See also United States v. Coutentos,* 651 F.3d 809, 817 (8th Cir.2011) (distinguishing possessing child pornography from producing it in the context of sexual offenses committed against a child under similar language in federal statutes).

Whether the child victim is identifiable—and his or her age established—does not change the crime of possession of child pornography. The child's age at the time of the offense (when the image is possessed) is not relevant to this offense; it is the child's age at the time the image was created that is relevant to this charge. The possession may occur years or even decades after the image was created. Indeed, the statute does not even require the actual age of the child at the time the image was created to be established as an element of the crime of possession. As

related to the victim by whole blood. *See*

long as the child depicted "appears to be under the age of eighteen," the age element of possession of child pornography is met. Although being able to identify the victim to ascertain further facts of the crime would assist in prosecuting the sexual offense physically committed against that child, it is not required for the prosecution of the offense of possession of the image.

### Conclusion

Based on the foregoing, the Petition for a Writ of Prohibition is permanently granted and the trial court is enjoined from proceeding further in the matter of *State of Missouri v. Nathan B. Greufe,* Case No. 12CY–CR00891, except to dismiss the pending charge.

All concur.