

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| REBECCA J. DAVISON, | ) | |
| | ) | |
| Appellant, | ) | WD77151 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | September 30, 2014 |
| DAIRY FARMERS OF AMERICA, | ) | |
| INC., | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Platte County, Missouri**
The Honorable Dennis C. Eckold, Judge

Before Division Four:  Alok Ahuja, Chief Judge, Presiding, Cynthia L. Martin, Judge and
David H. Miller, Special Judge

Rebecca Davison ("Davison") appeals the dismissal of her age discrimination lawsuit against Dairy Farmers of America, Inc. ("DFA").  Davison asserts that the trial court erred in dismissing her action as time barred because the savings statute, section 516.230,[1] permitted her suit to be re-filed within a year of its voluntary dismissal.  We affirm.

---

[1] All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

## Factual and Procedural History

On July 8, 2009, Davison, an employee of DFA, filed a charge with the Missouri Commission on Human Rights ("Commission") claiming age discrimination and retaliation. Davison claimed her age was a contributing factor to hostile treatment she received from DFA management in the months leading up to her charge. She also claimed the harassment was in retaliation for a complaint she made with the DFA Compliance Hotline in March 2009.

On July 17, 2009, Davison's employment with DFA was terminated. Davison thereafter filed a second charge with the Commission, claiming she was discharged in retaliation for filing the first charge. The Commission issued a notice of right to sue letter in April 2010.

In July 2010, Davison filed a lawsuit against DFA under the Missouri Human Rights Act ("MHRA").[2] In August 2012, Davison voluntarily dismissed her lawsuit.[3] She re-filed her lawsuit in July 2013. DFA filed a motion to dismiss alleging that Davison's claims were barred by the statute of limitations for MHRA claims set forth in section 213.111, and that the savings statute, section 516.230, does not apply to MHRA claims. The trial court granted the motion to dismiss and entered a judgment dismissing Davison's action with prejudice.

Davison appeals.

---

[2]Chapter 213, Section 213.010 *et seq*.
[3]Davison alleges in her Brief that she voluntarily terminated her lawsuit because of personal and financial issues she was facing.

2

## Standard of Review

We review a trial court's grant of a motion to dismiss *de novo*. *D.A.N. Joint Venture, III v. Clark*, 218 S.W.3d 455, 457 (Mo. App. W.D. 2006). Whether a statute of limitations applies to a given cause of action is also reviewed *de novo*. *Id*.

## Analysis

Davison raises four points on appeal, each of which requires us to determine whether the savings statute, section 516.230, applies to statutory claims under the MHRA. We address the points collectively.

MHRA claims "shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." Section 213.111.1. It is undisputed that Davison's initial lawsuit was timely filed under this statute, but that barring application of the savings statute, her re-filed lawsuit was not timely filed.

Davison contends that the savings statute permitted her to re-file her lawsuit within one year of its voluntary dismissal. Section 516.230 provides in pertinent part that:

> If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit . . . such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered . . . .

"The term 'nonsuit,' as used in section 516.230, includes a voluntary dismissal without prejudice of an action by a plaintiff." *Garoutte v. Farmers Mut. Ins. Co. of Lawrence Cnty.*, 823 S.W.2d 526, 530 (Mo. App. S.D. 1992). There is no dispute that Davison's

initial lawsuit, which she voluntarily dismissed, suffered a nonsuit. Nor is there any dispute that Davison's re-filed lawsuit is not barred by the statute of limitations prescribed in section 213.111.1 if section 516.230 applied to "save" her MHRA claims. Thus, the question we must resolve is purely a question of law: does the savings statute apply to claims under the MHRA?

Davison argues that section 516.230 applies to *all* civil actions, including statutory causes of action. Davison thus argues that section 516.230 applies to MHRA claims, even though the statute of limitations for an MHRA claim is not prescribed in sections 516.010 to 516.370, and is instead prescribed in section 213.111.1. She bases this argument on section 516.100 which generally provides that "[c]ivil actions . . . can only be commenced within the periods prescribed in the following sections . . . ."

Contrary to Davison's argument, however, the Supreme Court has held that section 516.230 is not applicable to "all" civil actions. "[S]ection 516.230 is not a general procedural statute. Its application is limited to causes of action, limitations for which are prescribed by section 516.010 to section 516.370." *Toomes v. Cont'l Oil Co.*, 402 S.W.2d 321, 324 (Mo. 1966) (rejecting application of the savings statute to a wrongful death claim brought under the Kansas wrongful death statute). The statute of limitations for MHRA claims is not prescribed by section 516.010 to section 516.370. It is prescribed by section 213.111.1. *Toomes* requires the conclusion that section 516.230 does not apply to MHRA claims.

Notwithstanding *Toomes*, Davison argues that sections 516.010 to 516.370 prescribe the statute of limitations for *all* civil actions, including statutory causes of

4

action. Davison relies on section 516.300 which states that "[t]he provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute." (Emphasis added.) Davison contends that by directing the reader to a statute *outside* the range of sections 516.010 to 516.370 to locate the limitations period for a statutory cause of action, section 516.300 effectively "prescribes" a statute of limitations for statutory causes of action.

We do not agree with Davison's construction of section 516.300. Plainly, section 516.300 does not prescribe a statute of limitations for any statutory cause of action. Rather, it makes clear that sections 516.010 to 516.370 have no bearing on the calculation of the statute of limitations for a statutory cause of action, the antithesis of Davison's premise. Were we to accept Davison's construction of section 516.300, the express reference in section 516.230 to only those actions whose limitations periods are prescribed by sections 516.010 to 516.370 would be rendered unnecessary and superfluous, since section 516.230 would now apply to all causes of action, whether their limitations periods were set forth in sections 516.010 to 516.370 or not. We are instructed to avoid such constructions of a statute. *801 Skinker Blvd. Corp. v. Director of Revenue*, 395 S.W.3d 1, 5 (Mo. banc 2013) (holding that we presume "that the legislature did not insert idle verbiage or superfluous language in a statute") (citation omitted). Moreover, were we to accept Davison's construction of section 516.300, we would be ignoring the holding in *Toomes* in violation of the Missouri Constitution. *Doe v. Roman Catholic Diocese of St. Louis*, 311 S.W.3d 818, 822-23 (Mo. App. E.D. 2010) (holding

5

that intermediate appellate courts are "constitutionally without authority to overrule the controlling decisions of the [Missouri] Supreme Court.") (citations omitted). Finally, the plain language of section 516.300 belies Davison's construction. It provides that "[t]he provisions of sections 516.010 to 516.370 ***shall not extend*** to any action . . . otherwise limited by statute." (Emphasis added.) Section 516.230 is within the range of statutory provisions that "shall not extend" to statutory causes of action. Substituting accordingly, section 516.300 directs that "[t]he provisions of [section 516.230] ***shall not extend*** to any action . . . otherwise limited by statute." (Emphasis added.) In fact, our courts have so held. *See Garoutte*, 823 S.W.2d at 530 (Mo. App. S.D. 1992) (holding that section 516.230 does not apply to an action filed under a statute which carries its own statute of limitations).

We reject, therefore, Davison's contention that section 516.230 applies to MHRA claims. In fact, though Davison's Brief characterizes this issue as a matter of first impression, it is not. Earlier Missouri cases have reached the same conclusion, albeit under different circumstances. *See Hutcheson v. Elec. Data Access Techs., Inc.*, 327 S.W.3d 622 (Mo. App. E.D. 2010); *O'Brien v. Blackwell-Baldwin, Inc.*, 819 S.W.2d 417 (Mo. App. S.D. 1991); *Young v. Tri-State Water Treatment, Inc.*, 343 S.W.3d 695 (Mo. App. E.D. 2011). Davison argues that these cases are non-binding as their discussion of the relationship between section 516.230 and MHRA claims was *obiter dicta*.[4] We disagree.

---

[4]"Obiter dicta, by definition, is a gratuitous opinion. Statements are obiter dicta if they are not essential to the court's decision of the issue before it." *Richardson v. QuikTrip Corp.*, 81 S.W.3d 54, 59 (Mo. App. W.D. 2002) (quotations omitted).

6

In *Hutcheson*, a trial court dismissed MHRA claims without prejudice and without notice. 327 S.W.3d at 625. The appellant argued this was error because he was barred from re-filing the action pursuant to section 213.211.1. *Id*. The Eastern District agreed, noting that "[b]ecause the MHRA contains its own statute of limitations, the Missouri Savings Statute, Section 516.230, does not apply, thus Hutcheson could only re-file his action if he re-filed in the time allotted by Section 213.111.1." *Id*. The court thus found the dismissal of Hutcheson's lawsuit without notice to be erroneous as it had the effect of permanently terminating the litigation. *Id*. at 625-26. The holding that section 516.230 does not apply to "save" nonsuited MHRA claims was essential to the court's ruling, and was not *obiter dicta*. *Swisher v. Swisher*, 124 S.W.3d 477, 482 (Mo. App. W.D. 2003) (holding that statements are non-binding dicta if they are not essential to the court's decision).

Similarly, in *O'Brien,* a trial court dismissed MHRA claims without prejudice and without notice. 819 S.W.2d at 419-21. The appellant claimed error because her claims could not be re-filed pursuant to section 213.111.1. *Id.* at 420. The Southern District concluded that the plain language of section 516.300 prevented the application of section 516.230 to actions otherwise limited by statute, including MHRA claims. *Id*. at 421. As such, the trial court's dismissal was both appealable and erroneous, as the effect of the dismissal was to permanently terminate the appellant's lawsuit. *Id*. at 420-22. The court's determination that section 516.230 does not apply to save nonsuited MHRA claims was essential to the court's holdings, and was not *obiter dicta*. *Swisher*, 124 S.W.3d at 482.

7

In *Young*, the appellant voluntarily dismissed a disability discrimination action, and re-filed the same action nine days later. 343 S.W.3d at 696-97. The trial court granted summary judgment in favor of the defendant because the statute of limitations prescribed in section 213.111.1 had expired by the time the lawsuit was re-filed. *Id*. at 697. Young had filed an affirmative avoidance claiming the defendant was equitably estopped to assert the defense of the statute of limitations because of assurances made prior to the voluntary dismissal. *Id*. The Eastern District ruled that genuine issues of fact regarding the affirmative avoidance of equitable estoppel prevented the entry of summary judgment.[5] *Id*. at 698. In the process, the court acknowledged that "[b]ecause the Missouri Human Rights Act contains its own statute of limitations, the Missouri Savings Statute, Section 516.230, does not apply." *Id*. 697 n.2 (citing *Hutcheson*, 327 S.W.3d at 622).

Davison alternatively argues that we should disregard the aforesaid precedent because section 213.101 provides that "[t]he provisions of this chapter shall be construed to accomplish the purposes thereof and any law inconsistent with any provision of this chapter shall not apply." Davison argues that even if section 516.230 does not apply to other statutory causes of action, it cannot be construed to be inapplicable to MHRA pursuant to section 213.101 as the effect would be inconsistent with the express purposes of the MHRA to eliminate and prevent age discrimination,[6] to discourage discrimination

---

[5]Davison makes no similar estoppel claim here; her sole argument is that her re-filed action was timely by operation of section 516.230.

[6]Section 213.030.

8

against protected groups,[7] and to provide an avenue for protected persons to bring a civil action against employers who violate provisions of the MHRA.[8]

We disagree. "[T]he primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." *State ex rel. Greufe v. Davis*, 407 S.W.3d 710, 712 (Mo. App. W.D. 2013). "Provisions not found plainly written or necessarily implied from what is written will not be imparted or interpolated therein . . ." *Mo. Pub. Serv. Co. v. Platte-Clay Elec. Co-op., Inc.*, 407 S.W.2d 883, 891 (Mo. 1966) (citations and quotations omitted). "We are guided by what the legislature says, and not by what we may think it meant to say." *Id.*

While the MHRA has its own statute of limitations in section 213.111.1, the MHRA does not contain a savings statute. We will not read a savings statute into the MHRA where no such provision is written.[9] Nor will we assume that the legislature intended section 516.230 to apply to MHRA claims in the absence of a provision in the MHRA to that effect. We do not impermissibly diminish the purpose of the MHRA through enforcement of the plain language of sections 213.111.1, 516.230 and 516.300. "'To the point that courts could achieve 'more' of the legislative objectives by adding to [a statute's coverage], it is enough to respond that statutes have not only ends but also limits. A court's job is to find and enforce stopping points no less than to implement other legislative choices." *Painter v. Missouri Comm'n on Human Rights*, 251 S.W.3d 408,

---

[7]Section 213.020.
[8]Section 213.111.
[9]The legislature has demonstrated its ability to expressly incorporate a savings provision in a statute otherwise limiting a cause of action when that is its intent. *See, e.g.*, section 537.100 (prescribing the statute of limitations for wrongful death actions pursuant to section 537.080, and expressly providing for a one-year savings period to re-file following a nonsuit).

413 (Mo. App. W.D. 2008) (quoting *Edward Hines Lumber Co. v. Vulcan Materials Co.*, 861 F.2d 155, 157 (7th Cir. 1988)).

Because the savings statute, section 516.230, does not apply to MHRA claims, Davison's re-filed lawsuit was time-barred pursuant to section 213.111.1. Accordingly, the trial court's dismissal of her action with prejudice was proper.

Davison's points on appeal are denied.

## Conclusion

The trial court's judgment is affirmed.


_____
Cynthia L. Martin, Judge


All concur