TCF, LLC d/b/a Club Lure,
Respondent,

v.

CITY OF ST. LOUIS, Excise Division of the Department of Public Safety, and Robert Kraiberg, Appellants,

and

Matthew Douglas O'Leary, Intervenor.

No. ED 98627.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 28, 2013.

Daniel Emerson, City Counselor's Office, St. Louis, MO, for appellants, Robert Kraiberg & City of St. Louis Excise Division.

Paul M. Brown, Thompson Coburn, St. Louis, MO, for intervenor, Matthew Douglas O'Leary.

Thomas R. Carnes, The Carnes Law Firm, St. Louis, MO, John A. Bouhasin, The Bouhasin Law Firm, St. Louis, MO, for respondent, TCF, LLC d/b/a Club Lure.

*OPINION*

MARY K. HOFF, Judge.

The City of St. Louis, the Excise Division of the Department of Public Safety of

the City of St. Louis, and Robert Kraiberg, Excise Commissioner of the City of St. Louis, and Matthew D. O'Leary, Intervenor (Intervenor O'Leary)[1] (collectively the City of St. Louis), appeal from a judgment reversing a decision of an administrative agency, the Excise Division of the City of St. Louis, revoking a liquor license held by TCF d/b/a/ Club Lure (TCF). We dismiss the appeal as moot.

### Factual and Procedural Background

TCF operated a nightclub at 1204 Washington Avenue in the City of St. Louis known as Club Lure.[2] On December 10, 2010, and December 15, 2010, the Hon. Margaret J. Walsh (Judge Walsh) presided over the administrative hearing[3] held in response to a protest petition that had been filed by local residents residing in a "petition circle" surrounding Club Lure who sought a revocation of Club Lure's liquor license. The principal issues to be determined at a protest petition hearing are which properties should be considered as included within the petition circle, the number of people who reside within the petition circle, the number and validity of signatures that should be considered as supporting the protest petition, and then (but only if sufficient valid signatures are first presented) whether continuation of a liquor license would or would not be detrimental to the neighborhood in which the licensed premises is located.[4]

During the first part of the hearing conducted on December 10, 2010, a liquor control agent (Agent) for the St. Louis Excise Division, testified that a protest petition had been submitted against Club Lure. The Agent testified that there were 102 property owners within the 350 foot radius petition circle around the club, and that there were only 50 valid signatures supporting the petition, being two signatures short of the majority required to

---

1. Intervenor O'Leary intervened on the side of the City of St. Louis in this appeal as the Protest Representative for the property owners who signed the protest petition at issue in this appeal and as a party aggrieved by the trial court's judgment below. Intervenor O'Leary was not listed as a party in the Notice of Appeal nor was he formally a party in the trial court proceedings below. However, Intervenor O'Leary has "proprietary, pecuniary, or economic interests which are directly affected by a decision of the excise commissioner to grant dispensation privileges," and, furthermore, as a property owner within the protest circle, has standing under the City's Liquor Control Ordinance as an aggrieved person entitled to judicial review of the administrative agency decision. *Application of 354 Skinker Corp.*, 622 S.W.2d 724, 727 (Mo. App.E.D.1981). Pursuant to Rule 84.05(e), Intervenor O'Leary has the status of Appellant. The City of St. Louis has adopted the arguments presented in Intervenor O'Leary's brief as its own.

2. During the pendency of the administrative action TCF changed the name of its nightclub from Club Lure to Club Amnesia.

3. The Hon. Margaret J. Walsh, a judge in the St. Louis City Municipal Court, was appointed by the Director of the St. Louis Department of Public Safety to preside over the administrative hearing in this action in the stead of St. Louis City Excise Commissioner Robert Kraiberg.

4. Ordinances setting forth the excise laws of the City of St. Louis are set forth in Title 14 of the St. Louis City Revised Code (2008) (hereinafter the Code). Title 14 of the Code sets forth a procedure whereby a majority of persons residing or conducting business within the "petition circle" of a premises licensed to sell liquor, or a majority of persons owning property within the petition circle, may petition to have the continuation of the liquor license revoked. Section 14.01.310(A) of the Code defines a "petition circle" as an area, circular in shape, with a radius of three hundred fifty (350) feet drawn from the center of the front entrance of premises for which a retail license to sell liquor has been issued.

support the protest petition. The hearing was recessed at that time and reconvened on December 15, 2010.

At the continuation of the hearing on the protest petition, conducted on December 15, 2010, further testimony was taken from the Agent regarding whether he had properly calculated the number of persons living within the petition circle, and the number and validity of signatures of persons living within the petition circle. Exhibits and testimony of other witnesses were also accepted during the hearing over TCF's objections regarding the propriety and validity of several property addresses, signatures, including original signatures, signatures made by third parties, electronic signatures, and signatures on behalf of companies and homeowners associations.

On January 25, 2011, Judge Walsh issued an order upholding the protest petition. Judge Walsh determined that there were 98 eligible property owners within the petition circle, so that 50 signatures were needed to sustain the protest petition, and that 52 valid signatures had been submitted. Judge Walsh determined that the electronic signature of Rivergate Holdings, LLC, was valid. Judge Walsh determined that the signature of Penny Carlyon, who signed her employer Andy Hillen's name, properly signed the protest petition on behalf of Mr. Hillen. Judge Walsh determined that the signature of an employee who was directed to sign the name of her employer on the protest petition was "authorized by law" under common law principles of agency. Judge Walsh also determined that the Homeowners Associations were properly counted as property owners within the petition circle, and she accepted signatures presented by the associations as valid. Based on her finding that a majority of persons who owned property within the petition circle had signed protest petitions, Judge Walsh ruled that "the protest against the continuation of the liquor license of [TCF] be upheld." In Judge Walsh's Order in the Citation Case, she made findings relevant to the issue of "neighborhood detriment" that support her Order in the Protest Case against continuation of TCF's liquor license. The record shows that during the protest hearing, all parties stipulated that if Judge Walsh sustained the neighborhood protest, a separate "neighborhood detriment" hearing would not be held and instead the parties would accept the hearing in the Citation Case as the "detriment hearing" in the Protest Case.

On February 8, 2011, Excise Commissioner Robert Kraiberg notified respondent that its full drink liquor license was revoked, with an effective revocation date of February 25, 2011. On February 25, 2011, TCF filed a verified petition for review of Judge Walsh's decision with the Circuit Court of the City of St. Louis pursuant to Section 536.140, RSMo 2000. In its petition for review, TCF argued that Judge Walsh's decision revoking its liquor license was arbitrary, capricious, and unauthorized by law in that Judge Walsh had erred in calculating the number of eligible persons within the applicable petition circle, she had erred in determining that several signatures submitted at the hearing were valid, and she had erred in failing to include a determination whether continuation of a liquor license would or would not be detrimental to the neighborhood in which the licensed premises is located.

On February 25, 2011, the trial court entered an order staying enforcement of Judge Walsh's order revoking TCF's liquor license pending administrative review.

On May 9, 2012, the trial court entered a final order and judgment on the protest

petition case.[5] The judgment and order found the number of eligible property owners to be 92, and the number of valid signatures 45, which was not sufficient to sustain a protest petition. Accordingly, the trial court reversed Judge Walsh's order that had sustained the protest petition against respondent's liquor license. The City of St. Louis then filed this appeal following the trial court's judgment, and TCF continued operating its nightclub business.

On May 30, 2013, after filing its appellate brief and before oral argument, TCF filed a motion to dismiss for mootness.[6] In its motion, TCF argued that in March 2013, TCF voluntarily surrendered its liquor license and closed its nightclub business. Because the issue on appeal is whether TCF's liquor license was properly or improperly revoked, TCF argued that the appeal has become moot.

### Standard of Review

In an appeal of the review an administrative decision, this court reviews the findings and decisions of the administrative decision-maker rather than the judgment of the circuit court. *Cocktail Fortune, Inc. v. Supervisor of Liquor Control,* 994 S.W.2d 955, 957 (Mo. banc 1999). Section 536.140, RSMo 2000, sets forth the scope of judicial review of administrative agency rulings to determine whether the agency's action: "(1) is in violation of constitutional provisions; (2) is in excess of statutory authority or jurisdiction of the agency; (3) is unsupported by competent and substantial evidence upon the whole record; (4) is, for any other reason, unau-

thorized by law; (5) is made upon unlawful procedure or without a fair trial; (6) is arbitrary, capricious or unreasonable; or (7) involves an abuse of judicial discretion." *Cocktail Fortune, Inc.,* 994 S.W.2d at 957; Section 536.140.2

"Pursuant to Mo. Const. art. V, section 18 and section 536.140, we must determine 'whether the agency's findings are supported by competent and substantial evidence on the record as a whole; whether the decision is arbitrary, capricious, unreasonable or involves an abuse of discretion; or whether the decision is unauthorized by law.'" *Henry v. Mo. Dept. of Mental Health,* 351 S.W.3d 707, 712 (Mo.App.W.D. 2011) (*quoting Coffer v. Wasson–Hunt,* 281 S.W.3d 308, 310 (Mo. banc 2009)).

"[A] court reviewing the actions of an administrative agency should make a 'single determination whether, considering the whole record, there is sufficient competent and substantial evidence to support the award.'" *Albanna v. State Bd. of Registration for Healing Arts,* 293 S.W.3d 423, 428 (Mo. banc 2009) (*quoting Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003)). Though we "consider[ ] the entire record to determine whether the decision is supported by competent and substantial evidence, . . . [w]e may not substitute our judgment on the evidence for that of the agency, and we must defer to the agency's determinations on the weight of the evidence and the credibility of witnesses.'" *Henry,* 351 S.W.3d at 712 (*quoting Stacy v. Harris,* 321 S.W.3d 388, 393–94 (Mo.App.S.D.2010)). "We 'must look to the whole record in reviewing the Board's decision, not merely at that evi-

---

**5.** The trial court's order and judgment discussed two cases that had been consolidated before him: Case 1022–CC11187, a petition for review of a decision revoking respondent's liquor license for alleged violations of law; and Case 1022–CC00702, a petition for re-

view of the current case before this court based on a protest petition. As of this date, a final judgment for Case 1022–CC11187 has not been issued by the circuit court.

**6.** TCF's motion is taken with the case.

dence that supports its decision, 'and we no longer view the evidence in the light most favorable to the agency's decision.'" *Id.* (*quoting Lagud v. Kansas City Bd. of Police Comm'rs,* 136 S.W.3d 786, 791 (Mo. banc 2004)).

■ When an administrative agency decision is based on the agency's interpretation and application of the law, we review the administrative agency's conclusions of law and its decision de novo, and we make corrections to erroneous interpretations of the law. *Algonquin Golf Club v. State Tax Commission,* 220 S.W.3d 415, 418 (Mo. App.E.D.2007).

### Discussion

■ A threshold question in this matter is the mootness of the controversy. *State ex rel. Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001); *State ex rel. Chastain v. City of Kansas City,* 968 S.W.2d 232, 237 (Mo.App.W.D.1998) (applying the doctrine of mootness in a writ context). With respect to justiciability, a case is moot if a judgment rendered has no practical effect upon an existent controversy. *Chastain,* 968 S.W.2d at 237. Because mootness implicates the justiciability of a case, the court may dismiss a case for mootness *sua sponte. Id.* When an event occurs that makes a decision on appeal unnecessary or makes it impossible for the appellate court to grant effectual relief, the appeal is moot and generally should be dismissed. *Id.; see also Reed,* 41 S.W.3d at 473. In determining whether a case is moot, we may consider matters outside the record. *Id.; Id.*

■ While, as a general rule, moot cases must be dismissed, Missouri courts recognize two exceptions to this general rule under which this court may exercise its discretion to hear the appeal and reach the merits of a moot case. *Friends of the San Luis, Inc. v. Archdiocese of St. Louis,*

312 S.W.3d 476, 484 (Mo.App.E.D.2010). First, we may consider the appeal if the case becomes moot after it has been argued and submitted. *Id.* Second, we may consider the appeal if the case presents "an unsettled legal issue of public interest and importance of a recurring nature that will escape review unless the court exercises its discretionary jurisdiction." *Chastain,* 968 S.W.2d at 237. This "public-interest" exception is construed very narrowly. *City of Manchester v. Ryan,* 180 S.W.3d 19, 22 (Mo.App.E.D.2005). "[I]f an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of appellate review, then the 'public-interest' exception does not apply." *Id.*

The present case does not fall within either of these exceptions. First, the case became moot prior to, not after, argument and submission to this court. And second, we do not believe this is an appropriate case in which to exercise our discretion under the "public-interest" exception.

Here, in March 2013, TCF voluntarily surrendered its liquor license and closed its night club. We see no indication that the circumstances here warrant addressing the merits as the issue on appeal, whether TCF's liquor license was properly revoked, has become moot.

■ The next question is whether to dismiss the appeal or to take the more unusual action of remanding the case for vacation of the judgment in the trial court. "[T]he normal practice should be to vacate the judgment when one or more parties requests such action in a case moot on appeal." *Chastain,* 968 S.W.2d at 243. "'A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment.'" *Id.* at 242 (*quoting U.S. Bancorp*

*Mortgage Co. v. Bonner Mall P'ship,* 513 U.S. 18, 25, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994)); *see also Joplin Waterworks Co. v. Jasper County,* 327 Mo. 964, 978, 38 S.W.2d 1068, 1075 (Mo.1931) ("[I]n the absence of an actual controversy, an appellate court ordinarily will dismiss the appeal or writ of error, or will remand the moot cause with directions to the trial court to vacate the judgment and dismiss the cause."); *Precision Invs., L.L.C. v. Cornerstone Propane, L.P.,* 231 S.W.3d 286, 287 (Mo.App.S.D.2007).

Because TCF voluntarily surrendered its liquor license and closed its night club, the matter has become moot. In the absence of an actual controversy, an appellate court ordinarily will dismiss the appeal "or will remand the moot cause with directions to the trial court to vacate the judgment and dismiss the cause." *Joplin Waterworks Co.,* 327 Mo. 964, 38 S.W.2d at 1075. For the foregoing reasons and under the circumstances of this particular case, we elect on equitable grounds to vacate the trial court judgment.

### Conclusion

We grant TCF's motion to dismiss the appeal as moot and remand the matter to the trial court to vacate its judgment.

KATHIANNE KNAUP CRANE, Presiding Judge and LISA S. VAN AMBURG, concur.