# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE


IN THE MATTER OF C.T.,              )       No. ED100988

                  )

      Respondent/Appellant,     )       Appeal from the Circuit Court

                  )       of the City of St. Louis

                  )

                  )       Hon. Philip C. Heagney

                  )

                  )       FILED:  May 27, 2014

C.T. appeals from the Probate Division's judgment denying his motion to dismiss and granting the State's petition to commit involuntarily C.T. to the care of St. Alexius Hospital ("St. Alexius") for a period not to exceed twenty-one days.  We dismiss the appeal as moot.

On December 16, 2013, C.T. was taken to St. Alexius by the police following behavior by C.T. outside of a pharmacy where he was exhibiting aggressive, threatening behavior and had to be restrained by people in the area until the police arrived.  C.T. was assessed by staff in the emergency room ("ER") and by psychiatric intake department as well.  C.T. initially consented verbally to treatment at St. Alexius, which was duly noted in the appropriate forms, and then signed an "Application for Voluntary Hospitalization to Psychiatric Services at St. Alexius Hospital."  C.T. was transferred from the ER to the men's psychiatric unit on the third floor, a locked unit.  C.T. was examined by Dr. Harmeeta Singh on December 17, 2013, Dr. Singh noted that he was "hyper-talkative" Dr. Singh consulted with another facility where C.T. had stayed, which served to confirm

her diagnosis of chronic paranoid schizophrenia. On December 26, 1013, St. Alexius admitted C.T. for evaluation on a four-day, 96-hour involuntary commitment after four incidents involving C.T. On January 2, 2014, before the 96-hour period expired[1], a health professional at St. Alexius filed a petition in probate court to commit C.T. involuntarily for up to twenty-one days for treatment pursuant to sections 632.330 and 632.335 RSMo 2000.[2]

The Probate Division appointed counsel for C.T. and scheduled a hearing on the petition for January 6, 2014. On January 3, 2014, C.T.'s counsel filed a motion to dismiss the petition, asserting that the petition was not filed in a timely manner pursuant to the requirements of section 632.330. C.T. alleged that he had been an involuntary patient at St. Alexius since December 16, 2013. C.T.'s motion was taken with the petition. The hearing was delayed due to weather conditions until January 8, 2014. The hearing took place at St. Alexius, and was conducted by a commissioner of the Probate Division. Dr. Singh testified, as did C.T. Dr. Singh testified that based on her observation of C.T., he was a chronic paranoid schizophrenic with impulse control and generalized and social anxiety issues. She said that based on her observation of C.T. on December 17, 2013, she believed that C.T. had the mental capacity to admit himself voluntarily to St. Alexius, even though he had problems. Dr. Singh stated based on her experience, even though somebody might not be ready for outpatient treatment, he could still be competent to make decisions about his welfare and still be competent to voluntarily admit themselves to a psychiatric unit.

---

[1] Under section 632.005(14) RSMo 2000, 96 hours "shall be construed and computed to exclude Saturdays, Sundays and legal holidays which are observed either by the court or by the mental health facility where the respondent is detained."

[2] Unless noted otherwise, all further statutory citations are to RSMo 2000.

C.T. testified that he did not think that he had a mental illness or that his mental health required hospitalization, and wanted to leave St. Alexius immediately. He stated that he thought he was at the St. Alexius ER for treatment of physical injuries and that no one explained to him on December 16, 2013, that he was consenting to admit himself for psychiatric treatment.

The Probate Division granted the State's petition to commit C.T. to the care and treatment of St. Alexius for a period not to exceed twenty-one days. It implicitly denied C.T.'s motion to dismiss. C.T. neither filed a motion to stay the Probate Division's order, nor a petition for a writ of habeas corpus, but rather filed a notice of appeal on January 21, 2014.[3] He was discharged by St. Alexius on January 28, 2014. C.T. now appeals from the trial court's judgment.

C.T. contends that the trial court erred in denying his motion to dismiss and in granting the petition for involuntary detention for inpatient mental health treatment for a period not to exceed twenty-one days because said petition was not filed within ninety-six hours of his admission to a mental health facility as required by section 632.330.1 RSMo 2000, and that he did not consent voluntarily to admission.

Our review of a judgment entered by the probate division of the circuit court is governed by Murphy v Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). In re Estate of Collins, 405 S.W.3d 602, 604 (Mo. App. 2013). Accordingly, this Court will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously states or applies the law. Id. This Court defers to the trial

---

[3] Pursuant to section 632.430, any person under a court order of involuntary detention for mental health treatment under Chapter 632 can file a motion to stay "any order restricting an individual's liberty" in "either the court or the appropriate appellate court." Under section 632.435, "[a]ny person detained under this chapter shall be entitled to file for a writ of habeas corpus."

court's findings of fact because of its superior position to assess the credibility of witnesses, but we review questions of law *de novo*. Id. at 604-05.

A threshold question in any appellate review of a controversy is the mootness of the controversy. TCF, LLC v. City of St. Louis, 402 S.W.3d 176, 181 (Mo. App. 2013).[4] Regarding justiciability, a case is moot if a judgment rendered has no practical effect on an existent controversy. Id. "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." State ex rel. Wilson v. Murray, 955 S.W.2d 811, 812-13 (Mo. App. 1997). When something occurs that makes a decision on appeal unnecessary or makes it impossible for the appellate court to grant effective relief, the appeal is moot and generally should be dismissed. TCF, 402 S.W.3d at 181.

C.T. was discharged by St. Alexius on January 28, 2014, after having requested appellate review of the trial court's judgment. A decision by this Court is no longer necessary, and there is no effectual relief that can be granted, and accordingly the controversy is moot.[5] There are two narrow exceptions to the mootness doctrine that Missouri courts recognize. First, if a case becomes moot after submission and argument, then dismissal is discretionary. Herman v. Heskett, 403 S.W.3d 136, 142 (Mo. App. 2013); second, we may consider the appeal if it raises a recurring issue of general public interest and importance that would otherwise evade appellate review. Id. This second exception is construed very narrowly. TCF, 402 S.W.3d at 181. "'[I]f an issue of public importance in a moot case is likely to be present in a future live controversy practically

---

[4] The State of Missouri filed a motion to dismiss C.T.'s appeal as moot, which this Court has taken with the case.

[5] C.T.'s counsel conceded at oral argument that C.T. did not and would not suffer any collateral consequences as a result of his involuntary detention for mental health treatment.

4

capable of appellate review, then the 'public-interest' exception does not apply.'" Id. (quoting City of Manchester v. Ryan, 180 S.W.3d 19, 22 (Mo. App. 2005)).

The first exception is not applicable in this case as the matter is already moot. The very narrow "public-interest" exception is also inapplicable to this matter. There are remedies for expedited review. Section 632.430.2 authorizes a motion to stay the trial court's order and judgment in either the trial court or the appellate court.[6] Section 632.435 authorizes a petition for a writ of habeas corpus. In addition, section 632.430.1 provides for an expedited appeal. See Matter of Todd, 767 S.W.2d 589 (Mo. App. 1988). If a similar matter were to arise again it would be "practically capable" of appellate review, and accordingly the "public-interest" exception to the mootness doctrine is inapplicable.

We grant the State's motion to dismiss C.T.'s appeal as moot.

_Clifford H. Ahrens_
CLIFFORD H. AHRENS, Judge

Roy L. Richter, P.J., concurs.
Glenn A. Norton, J., concurs.

---

[6] The relief of filing a motion to stay under section 632.430.2 is not absolute in that a stay order shall not be granted where the trial court has found that the person is "so mentally ill" that there exists "an imminent likelihood of serious physical harm to himself or others if he is not detained or treated pending appeal." The Probate Division in this case did not find "an imminent likelihood of serious physical harm" but rather that C.T. presented "a likelihood of serious harm[.]"