

# In the
# Missouri Court of Appeals
## Western District

CARLOS FLOYD, )
)
         **Appellant,** ) WD77017
)
v. ) OPINION FILED:  October 28, 2014
)
DEPARTMENT OF MENTAL )
HEALTH, )
)
         **Respondent.** )

**Appeal from the Circuit Court of Buchanan County, Missouri**
The Honorable Randall R. Jackson, Judge

Before Division Three:  Karen King Mitchell, Presiding Judge, Alok Ahuja, Chief Judge
and Gary D. Witt, Judge


Carlos Floyd ("Floyd") appeals the dismissal of his petition in the Circuit Court of

Buchanan County in which he had challenged the revocation of his second conditional

release from the custody of the Missouri Department of Mental Health (the

"Department").  Although his conditional release had already expired by the time he

challenged its revocation, Floyd argues that the circuit court erred in dismissing his

petition as moot.  He contends that because there were other remedies available to the

court besides reinstating his expired conditional release, a live controversy still existed.

The remedies he suggests are simply the options a judicial court has when reviewing an administrative decision, as outlined in section 536.140.5.[1] Floyd contends that evidentiary errors occurred at the administrative hearing that should have been addressed by the court. Specifically, Floyd contends that the department hearing administrator erred (1) in admitting Floyd's own testimony offered by Floyd during his case because nine years earlier he had been deemed not guilty by reason of insanity ("NGRI") and acquitted of second degree murder, making him incompetent to testify on his own behalf at the revocation hearing, and (2) in improperly admitting Floyd's progress records from the Northwest Missouri Psychiatric Rehabilitation Center ("NMPRC") at the hearing even though Floyd's counsel stipulated to the admissibility of records.[2] Because we find the subject matter of this appeal to be moot, the appeal is dismissed.

## FACTS AND PROCEDURAL HISTORY

In May 2000, Floyd strangled his girlfriend to death and was committed to Fulton State Hospital while he awaited trial. Floyd was diagnosed as having chronic paranoid schizophrenia, as well as being a substance abuser. In December 2002, Floyd was acquitted on the charge of murder in the second degree based on an NGRI defense. On December 30, 2002, Floyd was committed to the custody of the Department and has remained in its custody and control since that time. In March 2010, Floyd was granted his first conditional release for a period of one year. This was a partial release that

---

[1] All statutory references are to RSMo 2000 cumulative as supplemented through 2006 unless otherwise indicated. Section 536.140.5 allows a reviewing court to "render judgment affirming, reversing, or modifying the agency's order, and may order the reconsideration of the case in the light of the court's opinion and judgment, and may order the agency to take such further action as it may be proper to require . . . ."

[2] Appealing the administrator's decision to admit records that, at the time, was consented to by Floyd constitutes invited error. "Appellate courts will not reverse a trial court on the basis of an invited error." *Roberts v. Roberts*, 432 S.W.3d 789, 796 (citations omitted).

consisted of 165 unescorted passes into the community. Floyd had no incidents while on a partial conditional release. On March 4, 2011, Floyd was granted a second conditional release for a period of one year. This was a full conditional release which allowed Floyd to move to a residential care facility called Heartland One, located in Buchanan County.

In October 2011, during Floyd's conditional release, Floyd's brother called the Department to alert it to some alarming behavior being exhibited by Floyd. The Department also received reports from Floyd's wife that he had been drinking all weekend and threatening her and her niece.[3] She also reported that Floyd had stopped taking his medication and had not slept much while on the weekend pass with her. After being contacted by NMPRC about the allegations, Floyd agreed to voluntarily admit himself back into NMPRC. Floyd admitted to his psychiatrist that he drank alcohol the previous weekend, which was a violation of one of the conditions of his release, and that it was enough to impair his mental stability. On October 20, 2011, pursuant to section 552.040.17, the Director of Forensic Services for the Department revoked Floyd's conditional release and issued a notice of revocation hearing.

On November 2, 2011, a telephonic hearing with the Department's hearing administrator was conducted. Floyd was represented by counsel. Several witnesses testified, including Floyd, his forensic case manager, the medical director of NMPRC, Floyd's pastor, and a director of a nearby technical college. At the outset of the hearing, Floyd stipulated to the admission of exhibits A-F, which had previously been provided to

---

[3] Floyd received some passes to leave the residential care facility to spend time with his family on certain weekends.

3

him. On November 9, 2011, a week after the hearing, the hearing administrator affirmed the decision by the Director of Forensic Services of the Department to revoke Floyd's second conditional release.

On December 9, 2011, Floyd timely filed a petition in the Circuit Court of Buchanan County requesting judicial review of the administrative hearing decision. However, on February 14, 2012, Floyd filed a voluntary dismissal without prejudice of that petition. On March 4, 2012, Floyd's second conditional release term expired.

One year later, on February 14, 2013, Floyd re-filed his petition in the same court requesting judicial review of the administrative decision to revoke his long-since expired second conditional release.[4] The Department filed a motion to dismiss the petition as moot since the second conditional term of release had expired. On October 10, 2013, the circuit court granted the Department's motion to dismiss, finding that (1) as the non-committing court, it was without jurisdiction over Floyd's commitment, and (2) that there was no live controversy to address because the second conditional release had expired. This appeal follows.

## ANALYSIS

Floyd brings three points on appeal. Floyd argues that the Department's hearing administrator erred in (1) admitting Floyd's own testimony at the revocation hearing, and (2) admitting Floyd's progress records from the NMPRC at the hearing. In his third

---

[4] As we hold that the subject of this appeal is moot, we do not reach the issue of the timeliness of the re-filing of the petition under these facts. We question, however, whether the "savings statute" found in section 516.230 applies to the thirty-day limitations period stated in section 536.110.1 for filing a petition for judicial review in a contested case. *See, e.g., Davison v. Dairy Farmers of Am., Inc.*, No. WD 77151, 2014 WL 4815657, at *3 (Mo. App. W.D. Sept. 30, 2014).

point, Floyd argues that the circuit erred in dismissing his appeal to that court as moot. Because it is dispositive, we begin by addressing Point III.

## Discussion

Because the circuit court's order dismissed Floyd's petition as moot, we must first address whether there exists a live controversy upon which we can rule.

"A threshold question in any appellate review of a controversy is the mootness of the controversy." *State ex rel. Praxair Inc. v. Pub. Serv. Comm'n*, 328 S.W.3d 329, 333-34 (Mo. App. W.D. 2010) (citations omitted). "A case is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Id.* (citations and internal quotation marks omitted). "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." *In re C.T.*, 432 S.W.3d 283, 285 (Mo. App. E.D. 2014) (citation omitted). "When an event occurs that makes a decision on appeal unnecessary or makes it impossible for the appellate court to grant effectual relief, the appeal is moot and generally should be dismissed." *TCF, LLC v. City of St. Louis,* 402 S.W.3d 176, 181 (Mo. App. E.D. 2013). When the subject matter challenged on appeal has expired, any appeal of that subject is moot because its review will have no practical effect. *C.I.A. v. T.E.,* 423 S.W.3d 844, 845 (Mo. App. W.D. 2014). Floyd's conditional release expired on March 4, 2012. Floyd has had no valid conditional release since that date. No ruling by this court can extend that expiration. Therefore, the subject matter of this appeal is moot.

5

Missouri courts recognize two exceptions to the general rule under which this court may exercise its discretion to hear the appeal and reach the merits of a moot case. *TCF,* 402 S.W.3d at 181 (citation omitted). "First, we may consider the appeal if the case becomes moot after it has been argued and submitted." *Id.* (citation omitted). "Second, we may consider the appeal if the case presents 'an unsettled legal issue of public interest and importance of a recurring nature that will escape review unless the court exercises its discretionary jurisdiction.'" *Id.* (citation omitted). This second exception, referred to as the "public-interest" exception, is construed very narrowly. *Id.* (citation omitted). "[I]f an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of appellate review, then the 'public-interest' exception does not apply." *Id.* (citation omitted). Neither of these two exceptions is applicable here.

## CONCLUSION

This appeal is dismissed as moot.

_____
Gary D. Witt, Judge

All concur

6