

# In the Missouri Court of Appeals
# Eastern District

DIVISION TWO

| | | |
|---|---|---|
| MARY BROYLES, | ) | No. ED101349 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | 1311-CC00926 |
| | ) | |
| DEPARTMENT OF COMMUNITY | ) | Honorable Ted C. House |
| HEALTH & ENVIRONMENT OF | ) | |
| ST. CHARLES COUNTY, | ) | |
| | ) | |
| Respondent. | ) | FILED:  March 10, 2015 |

## OPINION

Mary Broyles (Broyles) appeals from the judgment of the trial court affirming the decision of the Director of the St. Charles County Department of Community Health and the Environment (Director) declaring her dog to be a dangerous animal under Chapter 205 of the St. Charles County Ordinances and directing that he be euthanized.  We dismiss.

### Factual and Procedural Background

On August 5, 2013, the Division Director of the St. Charles County Division of Human Services (Division Director) declared a brown and black male German Shepherd named Diesel, to be a dangerous dog, pursuant to St. Charles County Ordinance, Section 205.142.

On August 7, 2013, the dog's owners, Broyles and her son, requested, in writing, an appeal hearing, as provided pursuant to Section 205.145.C.2., before the Director, challenging the

decision of the Division Director.

On August 16, 2013, a hearing was held to determine whether Diesel was a dangerous dog and, if so, what the disposition of this case would be. At this hearing, the Director found competent and substantial evidence was adduced to show Diesel has made two unprovoked bites of human beings resulting in injury requiring medical care. Further, the Director determined one of these bites was a severe, unprovoked attack which resulted in serious injury. There was also testimony that on at least two occasions Diesel, while off his owner's or custodian's premises, approached individuals in a menacing fashion. Finally, the Director found no credible evidence was presented of the owner's or custodian's use or attempted use of adequate control or training to protect the public from injuries inflicted by Diesel.

On August 23, 2013, the Director issued her final decision in reference to Diesel, upholding the declaration of Diesel as a dangerous dog and ordered him to be humanely euthanized. On September, 20, 2013, Broyles filed a petition for review pursuant to Sections 536.100-536.140. On March 5, 2014, Broyles's petition for review was heard and on March 6, 2014, the trial court issued its judgment finding that the final decision of the Director on August 23, 2013, was supported by competent and substantial evidence upon the whole record, that it was made upon lawful procedure, was not arbitrary, capricious or unreasonable, and was not an abuse of discretion.

Broyles did not seek or receive a suspension of the decision or order of the trial court or the Director's final decision, pursuant to Section 536.120, RSMo 2000.[1] Therefore, Diesel was scheduled for humane euthanization, and on November 7, 2014, Diesel was humanely euthanized. This appeal follows.

---

[1] Unless otherwise indicated, all further statutory references are to RSMo 2000 as amended.

<u>Standard of Review</u>

In an appeal of the review an administrative decision, we review the findings and decisions of the administrative decision-maker rather than the judgment of the circuit court. <u>Cocktail Fortune, Inc. v. Supervisor of Liquor Control</u>, 994 S.W.2d 955, 957 (Mo. banc 1999). Section 536.140, sets forth the scope of judicial review of administrative agency rulings to determine whether the agency's action: "(1) is in violation of constitutional provisions; (2) is in excess of statutory authority or jurisdiction of the agency; (3) is unsupported by competent and substantial evidence upon the whole record; (4) is, for any other reason, unauthorized by law; (5) is made upon unlawful procedure or without a fair trial; (6) is arbitrary, capricious or unreasonable; or (7) involves an abuse of judicial discretion." <u>Cocktail Fortune, Inc.</u>, 994 S.W.2d at 957; Section 536.140.2

"Pursuant to Mo. Const. art. V, section 18 and section 536.140, we must determine 'whether the agency's findings are supported by competent and substantial evidence on the record as a whole; whether the decision is arbitrary, capricious, unreasonable or involves an abuse of discretion; or whether the decision is unauthorized by law.'" <u>Henry v. Mo. Dept. of Mental Health</u>, 351 S.W.3d 707, 712 (Mo. App. W.D. 2011) (quoting <u>Coffer v. Wasson-Hunt</u>, 281 S.W.3d 308, 310 (Mo. banc 2009)).

"[A] court reviewing the actions of an administrative agency should make a 'single determination whether, considering the whole record, there is sufficient competent and substantial evidence to support the award.'" <u>Albanna v. State Bd. of Registration for Healing Arts</u>, 293 S.W.3d 423, 428 (Mo. banc 2009) (quoting <u>Hampton v. Big Boy Steel Erection</u>, 121 S.W.3d 220, 223 (Mo. banc 2003)). Though we "consider[ ] the entire record to determine whether the decision is supported by competent and substantial evidence, ... [w]e may not

3

substitute our judgment on the evidence for that of the agency, and we must defer to the agency's determinations on the weight of the evidence and the credibility of witnesses.'" Henry, 351 S.W.3d at 712 (quoting Stacy v. Harris, 321 S.W.3d 388, 393-94 (Mo. App. S.D. 2010)). "We 'must look to the whole record in reviewing the Board's decision, not merely at that evidence that supports its decision, 'and we no longer view the evidence in the light most favorable to the agency's decision.'" Id. (quoting Lagud v. Kansas City Bd. of Police Comm'rs, 136 S.W.3d 786, 791 (Mo. banc 2004)).

When an administrative agency decision is based on the agency's interpretation and application of the law, we review the administrative agency's conclusions of law and its decision de novo, and we make corrections to erroneous interpretations of the law. Algonquin Golf Club v. State Tax Commission, 220 S.W.3d 415, 418 (Mo. App. E.D. 2007).

Mootness

A threshold question in any appellate review of a controversy is the mootness of the controversy. TCF, LLC v. City of St. Louis, 402 S.W.3d 176, 181 (Mo. App. E.D. 2013). A case is moot if a judgment rendered has no practical effect on an existent controversy. Id. "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." State ex rel. Wilson v. Murray, 955 S.W.2d 811, 812-13 (Mo. App. W.D. 1997). When something occurs that makes a decision on appeal unnecessary or makes it impossible for the appellate court to grant effective relief, the appeal is moot and generally should be dismissed. TCF, 402 S.W.3d at 181.

Here, Broyles did not seek or receive a suspension of decision or order of the trial court or the Director's final decision and therefore, on November 7, 2014, Diesel was humanely euthanized. A decision by this court is no longer necessary, and there is no effectual relief that

4

can be granted, and accordingly the controversy is moot. There are two narrow exceptions to the mootness doctrine that Missouri courts recognize. First, if a case becomes moot after submission and argument, then dismissal is discretionary. Hermann v. Heskett, 403 S.W.3d 136, 142 (Mo. App. E.D. 2013); second, we may consider the appeal if it raises a recurring issue of general public interest and importance that would otherwise evade appellate review. Id. This second exception is construed very narrowly. TCF, 402 S.W.3d at 181. "'[I]f an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of appellate review, then the 'public-interest' exception does not apply.'" Id. (quoting City of Manchester v. Ryan, 180 S.W.3d 19, 22 (Mo. App. E.D. 2005)).

The first exception is not applicable in this case as the matter is already moot. The very narrow "public-interest" exception is also inapplicable to this matter. This case pertains to one specific animal, it does not meet the public interest exception, as the case does not present an issue that is of general public interest and importance, will recur, and will evade appellate review in future live controversies.

Conclusion

We dismiss Broyles's appeal as moot.

_____
Mary K. Hoff, Judge

Sherri B. Sullivan, Presiding Judge and Philip M. Hess, Judge, concur.

5