

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| ARTHUR L. LEBEAU, JR., | ) | No. ED101712 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Franklin County |
| vs. | ) | 13AB-CC00237 |
| | ) | |
| COMMISSIONERS OF FRANKLIN | ) | |
| COUNTY, MISSOURI, | ) | Honorable Richard L. Scheibe |
| | ) | |
| Respondent. | ) | Filed:  March 17, 2015 |

Arthur L. Lebeau, Jr. appeals the judgment in favor of the Commissioners of Franklin County, Missouri ("the Commission") on Lebeau's petition asserting that two of the Commission's orders are void.  The Commission filed a motion to dismiss Lebeau's appeal as moot which this Court took with the case.[1]  For the reasons discussed below, we agree with the Commission that Lebeau's appeal is moot, and therefore, we grant the Commission's motion to dismiss Lebeau's appeal.

## I.     BACKGROUND

Lebeau filed a petition asserting that two of the Commission's orders, order No. 2012-329 and order No. 2013-359,[2] are void.  The trial court held a bench trial on Lebeau's petition and subsequently entered a judgment in favor of the Commission.

---

[1] The Commission also filed a motion for sanctions which this Court took with the case.  That motion is denied.

[2] Order No. 2012-329 re-appointed the County Counselor and Assistant County Counselors to the Commission for the period of January 1, 2013 through December 31, 2013.  Order No. 2013-359 re-appointed Assistant County Counselors to the Commission for the period of January 1, 2014 through December 31, 2014.

Lebeau then filed this appeal, and the Commission filed a motion to dismiss Lebeau's appeal as moot which this Court took with the case. The Commission's motion contends this appeal is moot because both of the Commission's orders challenged by Lebeau are no longer in effect. In support of its motion to dismiss, the Commission has filed exhibits demonstrating that order No. 2012-329 expired by its own terms on December 31, 2013 and that order No. 2013-359 was repealed by the Commission on August 12, 2014. Lebeau's appeal was submitted to this Court on March 11, 2015.

## II.   DISCUSSION

LeBeau raises five points on appeal contending that the trial court erred in entering a judgment in favor of the Commission on Lebeau's petition asserting that order No. 2012-329 and order No. 2013-359 are void.

"A threshold question in any appellate review of a controversy is the mootness of the controversy." *In re C.T.*, 432 S.W.3d 283, 285 (Mo. App. E.D. 2014). A case is moot if the trial court's judgment has no practical effect on an existing controversy. *Id.* Pursuant to the mootness doctrine, "[w]hen something occurs that makes a decision on appeal unnecessary or makes it impossible for the appellate court to grant effective relief, the appeal is moot and generally should be dismissed." *Id.* at 285-86.

Missouri Courts have recognized there are two narrow exceptions to the mootness doctrine. *Id.* at 286. First, if a case becomes moot after it has been submitted and argued to an appellate court, dismissal of the appeal is discretionary. *Id.* Second, an appellate court "may consider the appeal if it raises a recurring issue of general public interest and importance that would otherwise evade appellate review." *Id.*

In this case, LeBeau is claiming on appeal that order No. 2012-329 and order No. 2013-359 are void. However, there is uncontested evidence before this Court that order No. 2012-329

2

expired by its own terms on December 31, 2013 and that order No. 2013-359 was repealed by the Commission on August 12, 2014. Because the expiration of order No. 2012-329 and the repeal of order No. 2013-359 occurred prior to the submission of LeBeau's appeal on March 11, 2015, a decision on appeal regarding the validity of the orders is unnecessary, and it is impossible for our Court to grant effective relief. Therefore, LeBeau's appeal is moot. *See id*. at 285-86; *Worrell v. Terranson*, 302 S.W.3d 779, 780 (Mo. App. E.D. 2010) (holding that an appeal of an order of protection was moot where the order expired prior to the appeal's submission to the appellate court).

Moreover, neither exception to the mootness doctrine applies in this case. The first exception does not apply because, as indicated above, LeBeau's appeal became moot before the case was submitted to this Court. Additionally, the second exception to the mootness doctrine does not apply because we have reviewed LeBeau's points on appeal and find there is no recurring issue of general public interest and importance that would otherwise evade appellate review.

Based on the foregoing, we dismiss LeBeau's appeal.

### III.  CONCLUSION

The appeal is dismissed.

ROBERT M. CLAYTON III, JUDGE

Patricia L. Cohen, P.J., and
Roy L. Richter, J., concur.