

# In the Missouri Court of Appeals
# Eastern District

DIVISION TWO

| | | |
|---|---|---|
| BANK OF WASHINGTON, et al., | ) | ED107514 |
| | ) | |
| Appellants, | ) | |
| | ) | Appeal from the Circuit Court of |
| v. | ) | the City of St. Louis |
| | ) | 1822-CC10860 |
| LCRA HOLDINGS CORPORATION, | ) | |
| | ) | Honorable David L. Dowd |
| Respondent. | ) | |
| | ) | Filed: September 24, 2019 |

## OPINION

Bank of Washington ("the Bank") appeals the trial court's judgment quieting title to property acquired for construction and relocation of the National Geospatial-Intelligence Agency ("NGA") in favor of LCRA Holding Corporation ("LCRAH"). We dismiss the appeal as moot.

## BACKGROUND

In 2014, a 97-acre portion of property in North St. Louis City was identified as one of the potential sites for the relocation of the National Geo-Spatial Intelligence Agency facility. Thereafter, the City of St. Louis ("the City") sought to acquire property within the 97 acres which included multiple separate parcels of property ("the Property"). LCRAH was formed to assume ownership of the property. Several of the parcels included in the 97 acres were owned by Northside Regeneration, LLC ("Northside), upon which the Bank held multiple liens.

In 2016, LCRAH, the Bank, and Northside entered into several agreements relating to the transfer of Northside's property, including a purchase and sale agreement under which the Bank, as the lender on the Northside property, agreed to release its liens for consideration. However, in July 2018, the Bank filed suit in Franklin County Circuit Court, seeking rescission of the purchase and sale agreement under which it released its liens and the restoration of its deeds of trust against the Property. Shortly thereafter, LCRAH filed its action to quiet title in the Property against the Bank and Northside.[1] The court granted judgment in favor of LCRAH, quieting title to the Property in its favor. This appeal follows.

## DISCUSSION

The Bank asserts ten substantive points on appeal challenging the trial court's judgment quieting title to the Property in favor of LCRAH. However, we do not consider the Bank's substantive points because the appeal is moot.[2]

### *Analysis*

In response to the Bank's substantive points, LCRAH raises the threshold question of mootness. "[A] case is moot if a judgment rendered has no practical effect upon an existent controversy." *TCF, LLC v. City of St. Louis*, 402 S.W.3d 176, 181 (Mo. App. E.D. 2013). If an event occurs that makes a decision on appeal unnecessary or even impossible for our court to grant relief, the appeal is moot and should be dismissed. *Id*.

The Bank effectively seeks to have its liens reinstated on the specific parcels of property formerly owned by Northside. However, it is clear from the record before us this relief cannot be

---

[1] While these actions were pending, the City filed a condemnation action in September 2018. The Property was condemned in favor of the City, and the Bank has appealed the condemnation judgment to this court.

[2] Several of the Bank's points on appeal raise issues concerning the justiciability of the underlying quiet title action. The Bank claims the trial court should have dismissed the action for multiple reasons. However, the substantive issue regarding whether the court should have granted the Bank's motion to dismiss LCRAH's quiet title action was a justiciable controversy; therefore, while the appeal is moot, the underlying cause of action was not.

2

granted to the Bank. Otis Williams, the Executive Director of the St. Louis Development Corporation, which is an economic development arm of the City of St. Louis, testified at the bench trial on October 15, 2018. Williams stated that while the 97 acres of NGA property originally consisted of 551 separate parcels of property, including Northside's 331 parcels, the property has been totally cleared. It is now a single site and the individual parcels no longer exist.

In addition, the property has been transferred to the United States government via a land development remediation transfer agreement. Even if a lien could somehow be restored on property that no longer exists as separate parcels, it could not be enforced against the United States without the government's consent. *See e.g. Berger Levee Dist., Franklin County v. U.S.*, 7 S.W.3d 15, 17 (Mo. App. E.D. 1999).

As a result, the relief the Bank seeks cannot be granted even if we were to grant the Bank's points on appeal and reverse the judgment of the trial court quieting title in favor of LCRAH on the Property. Therefore, the appeal is dismissed as moot.

## CONCLUSION

As a result of the foregoing, the appeal is dismissed as moot.

_____
Lisa P. Page, Judge


Philip M. Hess, P.J. and
Kurt S. Odenwald, J., concur.