

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| SOPHIA CHU, | ) | No. ED113078 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| | ) | |
| v. | ) | Cause No. 2411-FC01135 |
| | ) | |
| WILLIAM L. "BRYAN" NANNA, | ) | Honorable Norman C. Steimel III |
| | ) | |
| Appellant. | ) | Filed: September 16, 2025 |

### Introduction

Appellant William Nanna appeals the circuit court's order denying Appellant's motion to dismiss Respondent Sophia Chu's motion to register a foreign judgment. Appellant raises three points on appeal challenging the validity of Respondent's motion and personal jurisdiction. Because any decision in this case would be unnecessary and would have no legal effect, we dismiss.[1]

### Factual and Procedural Background

On July 26, 2024, Respondent filed an unverified motion to register a foreign judgment pursuant to the Uniform Enforcement of Foreign Judgments Law un under Section 511.760 [2] and Rule 74.14.[3] Respondent's motion sought to register a judgment entered by a Japanese court

---

[1] Respondent's motion for remand, which was ordered taken with the case, is denied.
[2] All Section references are to the Missouri Revised Statutes (2024).
[3] All Rule references are to the Missouri Supreme Court Rules (2024).

1

dissolving the marriage between her and Appellant. Respondent attached a verified copy of the judgment to her motion. Respondent did not request a summons be issued to Appellant pursuant to Section 511.760.4, nor was Appellant ever served with the petition. However, the clerk's office mailed a notice of the foreign judgment's registration to Appellant's address on July 31, 2024, pursuant to Rule 74.14. Respondent additionally filed a garnishment application on Appellant's bank account, which was incorrectly served on a bank in O'Fallon, Missouri, before being served on the correct bank in O'Fallon, Illinois.

Appellant subsequently filed a motion to dismiss the registration of the Japanese decree as a foreign judgment and a motion to quash the garnishment. In his motion to dismiss, Appellant argued that the Japanese divorce decree was not a "foreign judgment" as defined under Section 511.760.1, that Respondent failed to file a properly verified petition under Section 511.760.3, and that he was not properly served pursuant to Section 511.760.4. On October 18, 2024, the circuit court denied Appellant's motion to dismiss and motion to quash the garnishment. Appellant subsequently filed an interlocutory appeal seeking review of the circuit court's denial of the motion to dismiss.

**Discussion**

Appellant raises three points on appeal. In his first point on appeal, Appellant argues that the circuit court erred in denying his motion to dismiss the registration of the Japanese divorce decree because the court lacked statutory authority under the Uniform Enforcement of Foreign Judgments Law to register the decree, in that it was a judgment of another country and therefore not within the law's definition of "foreign judgment." In his second point on appeal, Appellant asserts that the circuit court erred in denying his motion to dismiss because the court lacked statutory authority in that Respondent failed to file a verified petition to register the Japanese

2

decree as a foreign judgment. Finally, in his third point on appeal, Appellant claims the circuit court erred in denying his motion to dismiss because the court lacked personal jurisdiction over him, in that he was never served with any process.

A threshold question in any appellate review of a controversy is the mootness of the controversy. *Broyles v. Dep't of Cmty. Health & Env't of St. Charles Cnty.*, 456 S.W.3d 517, 520 (Mo. App. E.D. 2015) (citing *TCF, LLC v. City of St. Louis*, 402 S.W.3d 176, 181 (Mo. App. E.D. 2013)). A case is moot if a judgment rendered has no practical effect on an existent controversy. *Id*. "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." *Id*. (quoting *State ex rel. Wilson v. Murray*, 955 S.W.2d 811, 812–13 (Mo. App. W.D. 1997)). When something occurs that makes a decision on appeal unnecessary or makes it impossible for the appellate court to grant effective relief, the appeal is moot and generally should be dismissed. *Id*. (citing *TCF*, 402 S.W.3d at 181).

Appellant's interlocutory appeal is mooted by this Court's decision in *Chu v. Nanna*, ED113487, reversing the circuit court's judgment denying Appellant's motion to dismiss.[4] Accordingly, any decision in this case is unnecessary and would have no legal effect.

## Conclusion

We dismiss the appeal as moot.

_____
Renée D. Hardin-Tammons, P.J.

Angela T. Quigless, J., and
Thomas C. Clark II J., concur.

---

[4] We take judicial notice of our own records in appeal No. ED113487 concerning the subsequent appeal filed by Appellant in the underlying case following the circuit court's entry of a final judgment. *Abram v. TitleMax of Missouri, Inc.*, 684 S.W.3d 74, 86 (Mo. App. E.D. 2023) ("This Court may take judicial notice of records from other related proceedings involving the same parties upon the Court's own motion.") (citing *Ruff v. Bequette Constr., Inc.*, 669 S.W.3d 701, 707 n.3 (Mo. App. E.D. 2023)).